IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TOURISM COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRIP NETWORK,INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRAVELOCITY.COM LP,SITE59.COM LLC, DOES 1 THROUGH 1000, INCLUSIVE,<br><br>Defendants. | **Civil No. 14-cv-01318 (JAF)** |

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)")

Defendants[1] move to dismiss certain portions of Plaintiff's Complaint as follows:

For the period prior to March 1, 2004:  The Court should dismiss the entirety of the

Complaint for the time period prior to March 1, 2004.  The Room Tax did not exist before March

1, 2004.  Moreover, before March 1, 2004, Plaintiff lacked authority to impose, collect, or

enforce the hotel tax at issue. Thus, Plaintiff lacks taxing authority and standing to bring any

causes of action for taxes alleged to be owed before March 1, 2004.

---

[1] The defendants joining in this motion are priceline.com Incorporated (now The Priceline Group Inc.), Travelweb, LLC, Trip Network, Inc. (d/b/a Cheaptickets.com), Orbitz, LLC, Internetwork Publishing Corp. (d/b/a Lodging.com), Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., Egencia, LLC, Travelocity.com LP, and Site59.com, LLC (collectively, "Defendants").

For the period after March 1, 2004:  For the period after March 1, 2004, the Court should dismiss Plaintiff's causes of action for declaratory judgment, injunctive relief, negligence, unjust enrichment, conversion, assumpsit, constructive trust, and damages.  (Counts I, II, IV, V, VI, VII, VIII, and IX.)  These claims fail as a matter of law for at least two reasons: (1) the hotel tax statute provides Plaintiff's exclusive remedy for any tax monies alleged to be owed, and (2) Plaintiff has failed to plead facts sufficient to support one or more essential elements of each of those claims.

## INTRODUCTION

Plaintiff, the Puerto Rico Tourism Company ( the "Company" or "Plaintiff"), alleges that Defendants owe taxes, interest, and penalties pursuant to the Puerto Rico Hotel Room Tax.  (P.R. Laws Ann. tit. 13, §§ 2271 *et seq.*) ("Room Tax").  The Complaint acknowledges that the Room Tax is levied only on amounts "collected or charged *by a hotelier* for the occupancy of any room," with hotelier defined as a person "that *operates a lodging in Puerto Rico* including, without limitation, the owner, agent, proprietor, operator, lessee, mortgagor, sublessee or the holder of the same," and also including "real estate brokers that collect the rent on account of supplementary short-term lodging for the lodging of guests."  (Compl. ¶¶ 4-5 (citing 13 P.R. Laws Ann. tit. 13, § 2271).)

Through this lawsuit, Plaintiff seeks to broaden the Room Tax to include online travel companies ("OTCs" or "Defendants") that are not hoteliers, and to tax not only the amounts that hoteliers charge for a room rental, but also the amounts charged by OTCs for their online services.  But even if the Court accepts all of Plaintiff's factual allegations as true, Plaintiff is not, as a matter of law, entitled to any relief for the period of time prior to March 1, 2004, which

was the effective date of the Room Tax.  Simply put, Plaintiff lacks standing for the period prior to March 1, 2004.[2]

The Court should dismiss Counts I, II, IV, V, VI, VII, VIII, and IX in their entirety for the period of time after March 1, 2004 for at least two other reasons.  First, none of these equitable and common law claims can be sustained because the Room Tax itself establishes the sole remedy for any allegedly unpaid Room Taxes.  Under Puerto Rico law, if a statute creates both a right and a remedy, which the Room Tax statute does, then the statutory remedy is the exclusive remedy for any breach of that right.  All claims but Count III should be dismissed on this basis alone.

Second, even if the Room Tax did not provide the exclusive remedy (though it does), the eight non-statutory causes of action still fail because Plaintiff has not plead facts sufficient to support one or more essential elements of each claim.

For all these reasons, the Court should partially dismiss Count III (for the period prior to March 1, 2004) and entirely dismiss the remaining eight claims of the Complaint.

## LEGAL STANDARD

Rule 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted.  The Supreme Court has instructed that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [pursuant

---

[2] Defendants move to partially dismiss Count III of Plaintiff's Complaint on this basis.  Defendants do not concede, and expressly deny, that the remaining allegations of Count III have any merit and at an appropriate time will demonstrate to the Court that the allegations in the Complaint, including those relating to agency, are factually inaccurate and that Defendants are entitled to judgment as a matter of law.  For purposes of this motion, Defendants recognize that the law requires them to accept the Complaint's factual allegations as true.  Accordingly, on June 20, 2014, Defendants filed their Answer to Count III and Affirmative Defenses.

to Fed. R. Civ. P. 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")  So while courts must accept well-pleaded facts as true, "a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action."  *Ramirez-Vega v. Wal-Mart Puerto Rico, Inc.*, No. 12-1361(SEC), 2012 WL 6597894, at *2 (D.P.R. Dec. 18, 2012) (granting, in part, motion to dismiss because claim failed to meet *Iqbal* standards); *accord Alicea v. Mitsubishi Motor Sales of Caribbean*, No. 13-1280(GAG), 2013 WL 3973381, at *2 (D.P.R. July 31, 2013) (dismissing complaint for providing only "threadbare recital of the elements"); *see also Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.    PLAINTIFF LACKS TAXING AUTHORITY AND STANDING TO IMPOSE, COLLECT, OR RECOVER THE ROOM TAX PRIOR TO MARCH 1, 2004**

Plaintiff alleges Defendants owe Room Tax for the period "[b]eginning in approximately 1999."  (Compl. ¶ 136.)  Plaintiff further alleges it is authorized by the Room Tax statute to collect these amounts from Defendants.  (Compl. ¶¶ 10, 32-34, 108-113.)  Importantly, however, Plaintiff's authority to levy, collect, and enforce the Room Tax did not exist until March 1, 2004, when the Room Tax statute became effective.  As a matter of law, therefore, Plaintiff lacks both taxing authority and standing to assert any Room Tax claims for the period prior to March 1, 2004.

Before the enactment of the Room Tax, Section 2051 of the Puerto Rico Internal Revenue Code of 1994, 13 P.R. Laws Ann. §§ 9051, imposed a room occupancy tax (the "1994 Tax").  The 1994 Tax was remitted to the Secretary of the Puerto Rico Department of the Treasury ("Treasury"), and the Treasury was responsible for its management and oversight.  *See* §§ 2076 and 2078 of the 1994 Code, 13 P.R. Laws Ann. tit. §§ 9076 and 9078.

4

The 1994 Tax was repealed when the Room Tax took effect on March 1, 2004.  Although the Room Tax statute transferred to Plaintiff the powers, duties and obligations previously vested in the Treasury, those powers were delegated solely with respect to the Room Tax and not the 1994 Tax.  *See*, Article 55 Act 272-2003 (codified in 13 P.R. Laws Ann. tit. § 2271.)

To be clear, the Room Tax statute does not delegate to Plaintiff any powers related to the 1994 Tax.  Rather, if any 1994 Tax claims were pending before the Treasury in 2004, the Treasury oversaw the resolution of those claims and only transferred to Plaintiff the collection of related accounts receivables. 13 P.R. Laws Ann. tit. § 2272r; Article 54 Act 272-2003.  Here, the Treasury never assessed any 1994 Taxes against Defendants and there were no pending claims against Defendants when the Room Tax statute was enacted in 2004.  Nor does Plaintiff allege otherwise in its Complaint.  Thus, Plaintiff lacks standing to seek collection of the Room Tax or even the 1994 Tax for any dates prior to March 1, 2004.  For this reason, the entirety of the Complaint, including Count III, should be dismissed for the period prior to March 1, 2004.

## II.  PLAINTIFF'S COMMON LAW AND EQUITABLE CLAIMS MUST BE DISMISSED BECAUSE THE ROOM TAX PROVIDES PLAINTIFF'S EXCLUSIVE REMEDY

The Complaint makes clear that Plaintiff seeks to enforce what it believes are its rights and remedies under the Room Tax statute.  Plaintiff alleges at the outset of the Complaint that it seeks "to address a direct and intentional violation and evasion of 13 P.R. Laws Ann. Sec. 2271o(b)."  (Compl. ¶ 1.)  Plaintiff then identifies what it claims are the statutory sections important to its construction of the Room Tax.  (Compl. ¶¶ 2-7.)  Plaintiff contends the Room Tax statute affords it the "power to initiate this proceeding to determine the debt or deficiency of the Defendants on the account of the Room Tax …."  (Compl. ¶ 10 (citing to "13 P.R. Laws Ann. sec. 2271w(a)").)  Plaintiff also contends the Room Tax provides remedies to Plaintiff in the form of tax monies, "applicable penalties, interest, and attorneys' fees."  (Compl. ¶ 113.)

Plaintiff's own allegations, therefore, concede that the Room Tax provides it a remedy for any alleged failure to collect or remit the Room Tax.

This concession is fatal to Plaintiff's effort to fracture its statutory claim for Room Tax into other equitable and common law claims. Puerto Rico law is clear that where a statute both creates a right and provides a remedy for the statute's enforcement, the remedy prescribed is exclusive. *Miranda v. IPR Pharmaceuticals*, No. 10-2238(JAF), 2011 WL 5977813, at *4 (D.P.R. Nov. 29, 2011) (barring Article 1802 claim because under Puerto Rico law, plaintiffs may not recover under Article 1802 for conduct covered by specific legislation) (J. Fusté); *Barreto v. ITT World Directories, Inc*., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (holding under Puerto Rico law, provisions of the Civil Code are supplementary to special legislation); *Pagan-Colon v. Walgreens De San Patricio Inc.*, No. 08-2398, 2010 WL 2267377, at *2 (D.P.R. June 3, 2010) (dismissing with prejudice plaintiff's Article 1802 claim where statute provided exclusive remedy); *Otero-Aviles v. DuPont Agr. Caribe Industries, Ltd.*, 555 F. Supp. 2d 278, 280 (D.P.R. 2007) (dismissing state law claims with prejudice where Puerto Rico statute provided exclusive remedy). This rule of law prevents artful plaintiffs from converting every statutory claim into a tort or other common law claim. *See e.g., In re Wal-Mart Stores, Inc., Wage & Hour Litig*., 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007) (dismissing conversion claim regarding failure to pay wages because statutory remedy for wage and hour claims is exclusive, and noting that "such a rule would in effect transform every claim for damages and statutory penalties into a conversion claim, thereby providing punitive damages for every breach of a statute that [already] implements a penalty for its breach."); *see also, e.g., City of Manchester v. Sw. Bell Tel. L.P*., No. 4:04CV01380, 2005 U.S. Dist. LEXIS 46717, at *8 (E.D. Mo. Apr. 28, 2005) ("Because the

6

license tax imposed by the municipalities is a creature of statute, it follows that the remedy or method for enforcement is to be found in the statute creating the right to levy the tax.")

Here, Plaintiff's tag along common law and equitable claims must be dismissed because the Room Tax provides Plaintiff's sole and exclusive remedy.  The Room Tax is the only authority that provides Plaintiff with the right to tax.  *See* P.R. Laws Ann. tit. 13 §§ 2271 a(a), 2271 a(b) (establishing that the Company has power to enforce and regulate the Room Tax); P.R. Laws Ann. tit. 23 §§ 671(e), 671(s) (establishing that the Company has power to sue, collect, and regulate the Room Tax); P.R. Laws Ann. tit. 13 §2271c (expressly granting the Company the power to initiate legal proceedings "for the collection of the tax".)  Indeed, Plaintiff specifically alleges that the Room Tax authorizes it to tax Defendants.  (Compl. ¶ 1.)   Plaintiff also admits the Room Tax provides a remedy for Defendants' alleged violations of the Room Tax.  (Compl. ¶¶ 10, 32-34, 108-113.)  Because the Room Tax both creates the statutory right and provides a remedy for its enforcement, that remedy is Plaintiff's exclusive remedy and all common law and equitable claims must be dismissed.  (*See* Compl. ¶¶ 98-100, 101-107, 115, 136-137, 139-143, 145-146, 150-155.)

Other federal courts have dismissed similar tag along claims filed by taxing authority plaintiffs, concluding that the tax ordinance provides the exclusive relief.  *See City of Fairview Heights v. Orbitz, Inc.,* No. 05-CV-840-DRH, 2006 BL 3705, at \*\*6, 7 (S.D. Ill. July 12, 2006) (dismissing claims for conversion and unjust enrichment stating "[t]he right to payment of hotel taxes is not a common-law right; rather, it was created when [the applicable hotel ordinance] was passed. [The ordinance] provides the City with a complete remedy to enforce that right."); *Village of Rosemont v. Priceline.com*, No. 1:09-cv-04436, Dkt. No. 52, at \*2 (N.D. Ill. Feb. 25, 2010) (dismissing all common law claims, concluding "the Village hotel tax ordinance 'creates a

new right unknown to the common law,' and thus, the enforcement remedies it provides are exclusive."); *Village of Bedford Park, et al., v. Expedia, Inc. (WA), et al.,* No. 13-C-5633, at *6 (N.D. Ill. Mar. 13, 2014) (dismissing all common law claims, finding tax ordinance provided exclusive remedy for relief.)

The result here should be the same.  Instead of allowing an alleged Room Tax violation to multiply into claims for declaratory judgment, injunctive relief, negligence, unjust enrichment, conversion, assumpsit for money had and received, imposition of a constructive trust, and damages, those claims should be dismissed.

## III.   EVEN IF THE ROOM TAX STATUTE DID NOT PROVIDE THE EXCLUSIVE REMEDY, PLAINTIFF'S CLAIMS SHOULD STILL BE DISMISSED

Even if the Room Tax statute did not provide the exclusive remedy for enforcement of the Room Tax—which it does—Plaintiff's common law and equitable claims still fail to meet the federal pleading requirements, and should be dismissed under Rule 12(b)(6).

### A.   Plaintiff's Claim for Declaratory Judgment (Count I) Fails Because the Relief Plaintiff Seeks Can Be Provided by the Statutory Claim for Room Taxes

The Declaratory Judgment Act grants federal courts jurisdiction to issue declaratory judgments.  28 U.S.C. § 2201.[3]  The Declaratory Judgment Act does not create a new right, but rather "create[s] a new remedy with which to adjudicate existing rights." *Rishell v. Medical Card System, Inc.,* 925 F. Supp. 2d 211, 221 (D.P.R. 2013) (granting motion to dismiss claim for declaratory judgment.)  To support declaratory judgment jurisdiction, a court must examine the complaint to determine whether it establishes: (1) an actual controversy between the plaintiff and

---

[3] Puerto Rico law provides for declaratory judgments under Puerto Rico Rule of Civil Procedure 59.1., P.R. Laws Ann. tit. 32, App. III R. 59.1.  However, a federal court sitting in diversity applies the substantive law of the forum state and federal procedural rules.  *E.g. Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Hoyos v. Telecorp Comm., Inc.*, 488 F.3d 1, 5 (1st Cir. 2007).  The Declaratory Judgment Act is procedural in nature and creates no substantive rights.  *See, e.g., Kolker v. Hurwitz*, No. 09-1895(JP), 2011 WL 292264, at *4 (D.P.R. Jan. 31, 2011).  As such, the Court should apply the federal Declaratory Judgment Act to the instant action.

the defendant and (2) whether a plaintiff's other substantive claims will afford relief.  *Banco y Agencia de Financiamiento de la Vivienda de Puerto Rico v. Urbanizadora Villalba*, 681 F. Supp. 981, 985-86 (D.P.R. 1988) (dismissing claim for declaratory judgment, finding there was no "actual controversy" since FDIC had not taken the actual steps to foreclose on mortgaged properties and receive the benefits); *see also Caribbean Atlantic Airlines, Inc. v. Leeward Islands Air Transport*, 269 F. Supp. 231, 235 (D.P.R. 1967) (dismissing claim where declaratory relief could be achieved by pursuing administrative remedy.)

A declaratory judgment action is not necessary if a substantive claim provides a plaintiff with appropriate relief.  *Caribbean Atlantic Airlines*, 269 F. Supp. at 235.  As articulated in Section II *supra*, the issue of whether Plaintiff is entitled to the relief that it seeks—an award of Room Taxes—will be decided under Count III.  The declaratory judgment claim adds nothing to that analysis, and indeed is wholly dependent on the outcome of Count III.  For its purported declaratory relief, Plaintiff seeks "a judgment declaring that Defendants *are subject to the applicable provisions of Puerto Rico's Room Tax*" and further, that "Defendants are legally required to collect such taxes … and remit to Puerto Rico." (Compl. ¶ 98.) (emphasis added) Defendants dispute that they owe any taxes under the Room Tax, but should this Court rule in Plaintiff's favor on Count III (*i.e.*, that Defendants are subject to the Room Tax and are required to collect and remit taxes to Plaintiff), that ruling will provide Plaintiff with the relief sought in its declaratory judgment action.  Therefore, Plaintiff's declaratory judgment claim should be dismissed.

**B.**     **Plaintiff's Claim for Injunctive Relief (Count II) Fails Because the Complaint Does Not Allege that Money Damages are Inadequate**

Under Puerto Rico law, injunctive relief is an "extraordinary remedy," *Porto Rico Tel. Co. v. Puerto Rico Communications Authority*, 89 F. Supp. 922, 924 (D.P.R. 1950) (dismissing

claim for injunctive relief because plaintiff had adequate remedies at law), and should be

exercised "with great caution."  *Felix A. Rodriguez, Inc. v. Bristol-Myers Co.*, 281 F. Supp. 643,

645 (D.P.R. 1968).  To adequately plead a claim for injunctive relief, a plaintiff must allege facts

sufficient to show that (1) the plaintiff has a likelihood of actual success on the merits; (2) the

plaintiff would be irreparably injured in the absence of injunctive relief; (3) the harm to the

plaintiff would exceed the harm to the defendant from the issuance of an injunction; and (4) the

public interest would not be adversely affected by an injunction.  *See Nogueras Cartagena v.*

*María Calderón,* 150 F. Supp. 2d 338, 342 (D.P.R. 2001); *Puerto Rico Hosp. Supply, Inc. v.*

*Boston Scientific Corp.*, No. 05-1523(HL), 2005 WL 1431882, at *3 (D.P.R. June 17, 2005).

Injunctive relief is not warranted if the plaintiff has an adequate remedy at law, such as money

damages.  *Bolivar v. Director of FBI*, 846 F. Supp. 163, 168 (D.P.R. 1994) (concluding plaintiff

had not "met the requirements for issuance of injunctive relief" where plaintiff failed to "plead

irreparable injury and the unavailability of alternative legal remedies.")

     Here, Plaintiff has not alleged the absence of an adequate legal remedy.  In fact, Plaintiff

does just the opposite by alleging that monetary damages are available and appropriate.  (Compl.

¶¶ 104, 107, claiming that "full amount of taxes" (*i.e.* money revenue) could make Plaintiff

whole.)  Under the express language of the Room Tax, this is an unsurprising result, because

P.R. Laws Ann. tit. 13, § 2271o provides for a "mathematical calculation" of the applicable tax

rate, and still other provisions of the Room Tax provide a comprehensive mechanism for the

Company to be made whole if an alleged deficiency exists.  (Compl. ¶ 10, citing to "13 P.R.

Laws Ann. sec. 2271w(a).";  *see also,* P.R. Laws Ann. tit. 13, §§ 2271a(a)(b); 2271c(b).)

Although Defendants dispute that any amounts are owed to the Company, this is a case about

money damages, *i.e.* payment of the alleged taxes owed.[4] Such money damages are an adequate remedy at law, and Plaintiff's claim for injunctive relief (Count II) should be dismissed.

In this same vein, Plaintiff also fails to allege any facts that, even if assumed to be true, could support a finding of irreparable harm. Instead, Plaintiff offers only a boilerplate conclusion that "it has incur[ed] irreparable harm." (Compl. ¶ 104.) Such a conclusory allegation is insufficient under *Iqbal* and *Twombly*. *See e.g.*, *Pérez v. Dalmau*, No. 11-1773 (BJM), 2012 WL 5995231, at * 3 (D.P.R. Nov. 30, 2012) (granting motion to dismiss noting that "plaintiffs' conclusory allegations […] are not entitled to be taken as true.")

### C. Plaintiff Improperly Attempts to Bring a Negligence Claim (Count IV) Under Article 1802

Plaintiff's effort to turn a tax dispute into a negligence action also fails. To state a claim for negligence under Article 1802, a plaintiff must plead facts sufficient to show: "(1) an act or omission constituting fault or negligence; (2) a clear and palpable damage; and (3) a legally sufficient causal relationship between defendant's tortious conduct and the injuries sustained by plaintiff." *Rivera-Cartagena v. Wal-Mart Puerto Rico, Inc.*, 767 F. Supp. 2d 310, 319 (D.P.R 2011); P.R. Laws Ann. tit. 31, § 5141.

Plaintiff's claim for negligence should be dismissed for at least three reasons: (1) it is barred by the one-year statute of limitations, (2) it is duplicative of Plaintiff's claim under the Room Tax statute, and (3) the Complaint does not allege facts giving rise to any duty owed by Defendants.

---

[4] Additionally, Plaintiff fails to establish that it will likely succeed on the merits. Under *Nogueras Cartagena*, Plaintiff must plead that it is likely to succeed on the merits to be entitled to injunctive relief. Here, Plaintiff states in a conclusory manner that "there is a substantial likelihood that Puerto Rico will prevail upon the merits of this case when tried" (Compl. ¶ 103), but fails to provide a single fact to support this allegation. Plaintiff's mere recitation that it will likely prevail on the merits does not satisfy the pleading requirements under *Iqbal* and *Twombly*; accordingly dismissal of this claim is appropriate.

1.      Article 1802 Claims Are Subject to a One-Year Statute of Limitations

The statute of limitations for a claim under Article 1802 is one year.  P.R. Laws Ann. tit.

31 § 5298; *Vazquez Vazquez v. Checkpoint Systems of Puerto Rico, Inc.*, 609 F. Supp. 2d 217,

222 (D.P.R. 2009) (dismissing with prejudice Article 1802 claim for failing to file claim within

one year as required under law).  Here, Plaintiff alleges it is owed tax monies "for over a

decade," (Compl. ¶ 134), dating back as early as 1999 (Compl. ¶ 136), which is well beyond the

one-year limitations period.  Therefore, even assuming Plaintiff has pleaded a viable claim under

Article 1802, any such claim is time-barred for all periods beyond one year.

2.      The Article 1802 Claim Should Be Dismissed Because It Is Not
        Independent of the Statutory Claim for Room Tax

Negligence claims under Article 1802 are only permitted when based on "tortious or

negligent conduct distinct from that covered by the specific law(s) invoked or which have an

independent basis to support them."  *Wal-Mart Puerto Rico, Inc.,* 767 F. Supp. 2d at 320.

Plaintiff's claim under Article 1802 does not meet this standard.  Plaintiff's allegations of

tortious conduct are not independent of the Room Tax claim because they are based on precisely

the same allegations.  Indeed, the alleged "negligent" act by Defendants is their purported failure

to comply with the Room Tax, (*see* Compl. ¶ 116, alleging that liability can be "imposed on any

person who negligently and wrongfully violates a law, such as the Puerto Rico Tax Revenue

Code"), and the alleged damages are the "economic losses" caused by Defendants' failure to

remit taxes.   (Compl. ¶ 131, citing to P.R. Laws Ann. tit. 13 § 2271w.)  Stated differently, the

Company pleads a negligence claim entirely contingent on Defendants' alleged violations of the

Room Tax.  The Court should therefore dismiss Count IV for this reason, too.

3.      The Allegations, Even if Accepted as True, Do Not Establish a Duty
Owed by Defendants to Plaintiff

A tort action under Article 1802 is based on a violation of a right or an omission of a duty

required by law.  *Garcia-Rivera v. Allison,* No. 04-1757(PG), 2006 WL 2261065, at *4 (D.P.R.

Aug. 7, 2006).  In the Complaint, Plaintiff summarily alleges that Defendants owed Plaintiff a

fiduciary duty and breached that duty through negligent conduct.  (*E.g.*, Compl. ¶¶ 117-124,

131.)  Yet Plaintiff does not allege any facts that would be sufficient, even when accepted as

true, to support the existence of a fiduciary relationship between Defendants and Plaintiff.  The

best Plaintiff can do is to allege in conclusory fashion that Defendants somehow undertook a

duty to Plaintiff by making a "choice" to "collect" the tax.  (Compl. ¶¶ 122-123.)  No other

explanation is given for how a fiduciary relationship, with all of its special duties of trust and

confidence, could arise between Plaintiff and private businesses that have never had dealings of

any kind with Plaintiff.

Not only are these allegations threadbare, they are belied by the very exhibits attached to

the Complaint.  For example, attached as Exhibit C is "Priceline.com Incorporated Web Site

Terms & Conditions," which expressly states that Priceline.com Incorporated is "not collecting

and remitting taxes to the applicable taxing authorities."[5]  The remaining Defendants' terms and

conditions contain similar statements.[6]  Because the Complaint does not allege facts giving rise

to a duty owed by Defendants to Plaintiff, the Court should dismiss Count IV.

---

[5] The Court may properly consider the exhibits attached to Plaintiff's Complaint without converting this motion to dismiss into a motion for summary judgment.  *See Rocker Learning, Inc. v. River-Sanchez*, 851 F. Supp. 2d 384, 391 (D.P.R. 2012) (stating that "exhibits attached to the complaint are properly considered part of the pleading for all purposes, including 12(b)(6) motions"); *Gomez v. U.S.*, No. 11-1770(CVR), 2012 WL 3777439, at *1 (D.P.R. Aug. 30, 2012) ("Under the motion to dismiss standard of Fed. R. Civ. P. 12(b)(6), the court's consideration is limited to the complaint, written instruments that are attached to the complaint as exhibits […]").

[6] *See also* Complaint Exhibits A, B, and D, each of which contain language similar to the priceline.com disclosure.

**D.**     **Plaintiff's Claim for Unjust Enrichment (Count V) Fails Because a Statute Governs the Parties' Conduct and Because Plaintiff Fails to Allege the Necessary Elements**

To state a cause of action for unjust enrichment a party must plead the following: (1) occurrence of an enrichment; (2) a correlative loss (impoverishment); (3) a connection between the loss (impoverishment) and the enrichment; (4) absence of cause to justify the enrichment; and (5) lack of a legal provision which precludes application of an enrichment without cause. *Westernbank Puerto Rico v. Kachkar*, No. 07-1606, 2009 WL 6337949, at \*29 (D.P.R. Dec. 10, 2009); *adopted by Westernbank Puerto Rico v. Kachkar*, No. 07-1606, 2010 WL 1416521, at \*1 (D.P.R. Mar. 31, 2010).  Plaintiff's claim for unjust enrichment should be dismissed for at least two reasons.

1.     Under Article 7, Unjust Enrichment Does Not Apply Where a Statute Governs

Article 7 of the Puerto Rico Civil Code states "*[w]hen there is no statute applicable to the case at issue*, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."  Stated otherwise, unjust enrichment applies only "when the laws have not foreseen a situation where a patrimonial shift occurs, which shift cannot be rationally explained by the prevalent body of laws." *Westernbank Puerto Rico,* 2009 WL 6337949, at \*29.  A proper claim for unjust enrichment under Puerto Rico law therefore exists only when there is no statute potentially applicable to the case.  *Id.*

This is not an unjust enrichment case, or anything close to it.  It is a statutory construction dispute regarding the Room Tax.  *Id*. ("Since several statutes are applicable to the case at issue, the doctrine of unjust enrichment is precluded.")  The law not only contemplates but specifically addresses the situation where Plaintiff might allege that a putative taxpayer failed to pay the

14

Room Tax, and the Room Tax statute expressly provides for redress.  Plaintiff cannot credibly

claim on one hand that a statute requires Defendants to pay taxes (*i.e.* the Room Tax statute,

Compl. ¶¶ 2-8), while on the other hand assert an unjust enrichment claim because a statute does

not apply.  The two concepts are mutually exclusive, and the Court should accordingly dismiss

Plaintiff's unjust enrichment claim.

2.    Plaintiff Fails to Allege a Connection Between its "Impoverishment" and the Defendants' "Enrichment"

Even if the Court does not dismiss Count V as subsidiary to the Room Tax claim—which

it should—Plaintiff has not alleged the necessary elements for unjust enrichment.  In particular,

Plaintiff fails to plead any "connection" between Plaintiff's alleged "impoverishment" and any

"enrichment" conferred upon Defendants.  Indeed, there is no allegation that Plaintiff conferred

any benefit or enrichment on Defendants, or even that Plaintiff ever had dealings of any kind

with Defendants.  Further, to the extent Plaintiff is contending that Defendants have been

unjustly enriched by somehow over-collecting monies *from customers*, (*compare* Compl. ¶¶ 136-

137 *with* ¶¶ 43-48), that still is not a benefit conveyed to Defendants by Plaintiff.

Because Plaintiff fails to plead the necessary elements to state a claim for unjust

enrichment, the claim should be dismissed.  *Wiley v. Stipes*, 595 F. Supp. 2d 179, 188 (D.P.R.

2009) (dismissing claim for unjust enrichment where plaintiff did not plead essential element of

unjust enrichment).

**E.    Plaintiff's Claim for Conversion (Count VI) Fails Because Plaintiff Has Not Alleged Any Facts to Support a Finding That Defendants Acted with the Requisite Intent**

"Conversion in Puerto Rico is an intentional tort, a form of fault described in Article

1802" of the Puerto Rico Civil Code.  *Westernbank Puerto Rico,* 2009 WL 6337949, at *31; *see*

*also Barreto Peat, Inc. v. Luis A. Ayala Colon Sucrs., Inc.,* 709 F. Supp. 321, 323 (D.P.R. 1989).

15

As an intentional tort, the act of conversion consists of "not the simple acquisition of another's property, but the malicious and wrongful privation of the ownership rights, the illegal exercise, or the assumption of authority over another's property, thereby depriving the lawful owner or possessor, permanently or for an indefinite period, of its use and enjoyment." *Westernbank Puerto Rico,* 2009 WL 6337949, at \*31.

The Complaint purports to set forth a generic "conversion" claim without any citation to Article 1802 or other governing law.  But assuming that Plaintiff intended to rely on Article 1802, the claim is not a viable one.  Nowhere in Count VI does Plaintiff allege that Defendants intentionally deprived Plaintiff of its money or property.  (*See generally* Compl. ¶¶ 139-143.) Plaintiff alleges only that "Defendants intentionally exercised dominion and control over the Tax Monies" (Compl. ¶ 142), but intentionally controlling something is not the same thing as intentionally depriving Plaintiff of something.  Plaintiff's claim for conversion, therefore, should be dismissed in its entirety.[7]  *See Westernbank Puerto Rico*, 2009 WL 6337949, at \*33-34 (dismissing claim for conversion where "the pleadings do not show any allegations … that would make its conduct conversion.").

Additionally, as demonstrated above as to negligence under Article 1802 (Count IV), this Court should dismiss Plaintiff's conversion claim for the additional reason that if Plaintiff were to have plead conversion under Article 1802, it would be subject to the one year statute of limitations.

---

[7] A conversion claim under Article 1802 would also fail for the reasons that Count IV (negligence) fails.  *Wal-Mart Puerto Rico, Inc.*, 767 F. Supp. 2d at 320  (a claim under Article 1802 is only permitted when it is based on "tortious or negligent conduct distinct from that covered by the specific law(s) invoked," or when it has an independent basis to support it).

**F.      Plaintiff's Claim for Assumpsit for Money Had and Received (Count VII) Fails for Two Reasons**

As a threshold matter, Plaintiff does not provide sufficient notice for Defendants to understand whether Plaintiff brings an assumpsit claim based on common law or on the Puerto Rico Civil Code.  This claim should be dismissed on this basis alone, or, at a minimum, Plaintiff should replead with specificity.

Assuming this is a claim under the Puerto Rico Civil Code, Article 1795 provides that "if a thing is received when there was no right to claim it and which, though an error, has been unduly delivered, there arises an obligation to restore the same."  P.R. Laws Ann. tit. 31 § 5121. Similar to a claim for unjust enrichment, Article 1795 does not apply when "there is a valid and binding agreement between the parties that governs the dispute at issue and mandates a specific result."  *Puerto Rico Telephone Co., Inc. v. SprintCom, Inc*., 662 F.3d 74, 97-98 (1st Cir. 2011) (claim for violation of Article 1795 failed where contract governed agreement between parties).

Based on Plaintiff's own allegations, the assumpsit claim fails because throughout the Complaint, Plaintiff contends that its right to the tax money is established under the Room Tax. Whether Plaintiff's alleged right to money arises under law is not disputed because Plaintiff claims that the relationship between the parties is governed by the Room Tax.  (*See* Compl. ¶ 145 ("Defendants were obligated by law and, therefore, promised to collect the Room Tax.").) Thus, taking Plaintiff's own allegations as true, the Room Tax governs the relationship between Plaintiff and Defendants.  As such, Defendants' motion to dismiss Count VII should be granted.

**G.      Plaintiff's Claim for Imposition of a Constructive Trust (Count VIII) Fails Because it Is a Remedy and Not an Independent Cause of Action**

Under Puerto Rico law, the creation of a constructive trust is a *remedy* for unjust enrichment, not a separate cause of action.  P.R. Laws Ann. tit. 31 § 2543; *see also Prisma Zona Exploratoria de Puerto Rico Inc., v. Hon. Sila Maria Calderon,* 310 F.3d 1, 6 n.2 (1st Cir. 2002)

17

(affirming trial court's dismissal of constructive trust claim on a motion to dismiss because

plaintiff "failed entirely to demonstrate the unjust enrichment that would invoke this court's

equitable powers").  Courts have dismissed claims asserting constructive trust as a separate cause

of action as opposed to a remedy.  *Id.*  Therefore, Count IX should be dismissed.

### H.      Plaintiff's Claim for Damages (Count IX) Fails Because Damages Is a Remedy, Not a Cause of Action, Under Puerto Rico Law

Finally, Plaintiff alleges a cause of action for "Damages," but it is well established that

damages are a remedy, not an independent cause of action.[8]  *Vazquez v. Municipality of Juncos,*

756 F. Supp. 2d 154, 168 (D.P.R. 2010) (stating "money damages have been generally

understood to be a legal remedy.").  Plaintiff must be entitled to a legal or equitable claim before

a court will award damages.  *Id.*  As discussed *supra*, the Room Tax provides the remedy under

which Plaintiff may seek relief if a putative tax payer is not acting in accord with the Room Tax

Statute.  Here, Plaintiff is not entitled to any damages; but even if Plaintiff were entitled to any

relief, its relief would be limited to that provided by the Room Tax.

### CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this

Court GRANT Defendants' Partial Motion to Dismiss; dismiss all claims for all years up to

March 1, 2004; and dismiss in their entirety Plaintiff's causes of action for declaratory judgment,

injunctive relief, negligence, unjust enrichment, conversion, assumpsit, constructive trust, and

damages with prejudice, and award Defendants any additional relief the Court deems proper and

just.

---

[8] Similar to the argument concerning Plaintiff's claims under Counts VI and VII, Plaintiff fails to plead a claim for damages under Puerto Rico Civil Code.  Plaintiff does not provide sufficient notice for Defendants to understand whether Plaintiff seeks this claim based on common law or on the Puerto Rico Civil Code.  Count IX should be dismissed on this basis alone.

Dated:  June 20, 2014                                   Respectfully submitted,


McCONNELL VALDÉS LLC
ATTORNEYS FOR ALL DEFENDANTS
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com


s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com


s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com



**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2014, I electronically filed the foregoing Memorandum

in Support of the Motion to Dismiss with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to the following at their e-mail addresses on file with

the Court:


**José A. Andréu Fuentes**          **John W. Crongeyer**
Bufette Andréu & Sagardía           **William Q. Bird**
261 Ave. Domenech                   **Kristen L. Beightol**
San Juan, PR 00918-3518             CRONGEYER LAW FIRM
Phone: (787) 754-1777               Bird Law Group, P.C.
jaf@andreu-sagardia.com             2170 Defoor Hills Rd, NW
                                    Atlanta, GA 30318
                                    Phone: (404) 542-6205
                                    jwc@birdlawgroup.com
                                    wqb@birdlawgroup.com
                                    klb@birdlawgroup.com


19

**Angel Rotger-Sabat**
**Ramón Coto-Ojeda**
Coto & Associates
MCS Plaza Suite 800
255 Ponce De Leon Ave.
Hato Rey, Puerto Rico 00917
P.O. Box 71449
San Juan, Puerto Rico 00936-8549
Phone: (787) 756-9640
Ars@cmtplaw.com
rco@cmtplaw.com

**Robert K. Finnell**
The Finnell Firm
One West Fourth Avenue
Suite 200
P.O. Box 63
Rome, GA 30162
Phone: (706) 235-7272
bob@finnellfirm.com

McCONNELL VALDÉS LLC
ATTORNEYS FOR ALL DEFENDANTS
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com

s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com

s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com

DM_US 52934563-2.059735.0262