**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| PUERTO RICO TOURISM COMPANY, | **Civil No. 14-cv-01318 (JAF)** |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRIP NETWORK,INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRAVELOCITY.COM LP,SITE59.COM LLC, DOES 1 THROUGH 1000, INCLUSIVE,DOES 1 THROUGH 1000, INCLUSIVE, | |
| Defendants | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Expedia, Inc. (WA), Hotels.com, L.P.,  Hotwire, Inc. and Egencia, LLC (collectively, the "Expedia Defendants")  hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint.[1]  For purposes of their Answer and Affirmative Defenses, the Expedia Defendants will respond to all averments in the Complaint directed to "Defendants" as referring only to the Expedia Defendants.  Unless otherwise indicated, the Expedia Defendants lack sufficient information to form a belief as the truth of the averments directed to other Defendants, and on that basis deny each and every such averment.

## I.  INTRODUCTION

1.     This Action is one of central importance to Puerto Rico and to the integrity of Puerto Rico's tax laws generally.  This Action seeks to address a direct and intentional violation

---

1 The Expedia Defendants submit this Answer and Affirmative Defenses simultaneously with a partial motion to dismiss all claims prior to March 1, 2004, the date the Room Tax was enacted.  Prior to March 1, 2004, Plaintiff lacked the authority to impose, collect, or enforce the Room Tax.

and evasion of 13 P.R. Laws Ann. sec. 2271o (b) and related rules and regulations regarding Puerto Rico's taxes on rooms (hereinafter "Puerto Rico's Room Tax Code" or the "Code"). Specifically, this action is brought by the Company against Defendants for their past and continuing failure to remit the full and proper amounts of taxes on overnight accommodations as required by the Code.

**ANSWER**   The Expedia Defendants admit that Paragraph 1 contains a characterization of Plaintiff's case and that this Action is brought pursuant to 13 P.R. Laws Ann. sec. 2271o (b) and related rules and regulations regarding Puerto Rico's Room Tax Code.  The Expedia Defendants deny they are obligated to collect and remit the taxes purportedly at issue in this case.  The Expedia Defendants deny the remaining averments in Paragraph 1 of the Complaint.

2.      The Company levies, charges and collects "a general tax of nine percent (9%) over the room occupancy rate" (hereinafter referred to as "Room Tax").  13 P.R. Laws Ann. sec. 2271o (b).

**ANSWER**   Paragraph 2 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 2 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 2 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

3.      "Room occupancy rate" "[m]eans the rate collected or charged by a hotelier for the occupancy of any room of a lodging, valued in terms of money, whether received in cash or otherwise, including, without limitation, all the income in cash, manager's check or credit" and includes, "without limitation, the money received by the lodging on account of paid but unused rooms, room penalties and any other charge, rate or additional tax ("fees," "resort fees" and/or "taxes") that a hotelier charges for a stay in a lodging."  13 P.R. Laws Ann. sec. 2271 (8).

**ANSWER**   Paragraph 3 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 3 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto,

2

and deny the averments in Paragraph 3 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

4.      "Lodging" "[m]eans every furnished building, commonly used and maintained open for the lodging of guests by means of payment of a rental rate, which derives its revenues from the rental of rooms, and that within its offerings provides rental rates computed daily, weekly, fractionally or by a global rental on account of an all-inclusive concept" and includes "hotels, condohotels, all-inclusive hotels, motels, inns, short-term rentals, hostelries, guesthouses, apartment hotels and recreational facilities operated by the agencies or instrumentalities of the Commonwealth of Puerto Rico." 13 P.R. Laws Ann. sec. 2271 (22).

**ANSWER**      Paragraph 4 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 4 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 4 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

5.      A "hotelier" is "any natural or juridicial person that operates a lodging in Puerto Rico including, without limitation, the owner, agent, proprietor, operator, lessee, mortgagor sublessee or the holder of the same" and includes "real estate brokers that collect the rent on account of a supplementary short-term lodging for the lodging of guests."  13 P.R. Laws Ann. sec. 2271 (21).

**ANSWER**      Paragraph 5 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 5 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 5 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

6.      "[T]he hotelier becomes a collection agent for the Commonwealth of Puerto Rico[.]"  13 P.R. Laws Ann. sec. 2272 (b).

**ANSWER**      Paragraph 6 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 6 contains averments of fact, the Expedia Defendants state

3

that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 6 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

7.      The Room Tax applies to out-of-state companies soliciting and doing business in Puerto Rico, just as it does to in-state companies.  *See* 13 P.R. Laws Ann. sec. 2271p ("The tax levied in § 2271o of this title shall be paid by the guest at the time of paying the room occupancy rate to the hotelier.")

**ANSWER**      Paragraph 7 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 7 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 7 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.

8.      Defendants are online travel companies (hereinafter sometimes referred to collectively as "OTCs").  They contract so as to partner or associate with Puerto Rico hotels and/or national hotel chains with hotels in Puerto Rico to together/in combination with hotels arrange for the rental of rooms to others and/or acquire/buy hotel rooms and/or rights to hotel rooms for subsequent rentals to others.  Defendants conduct the business of acquiring and then renting hotel rooms through a two-step process: first, they acquire/buy hotel rooms and hotel room rights from hotels at low **wholesale** rates; second, Defendants rent the rooms arranged or acquired for rental to consumers (transient guests) at higher **retail** rates.  By the terms of Puerto Rico's Room Tax, Defendants are required to collect and remit a 9 percent tax for each **retail** rental of a hotel room to consumers (the transient guest) based upon the gross amount paid by the consumer.  Although Defendants charge consumers the Room and other hotel taxes based on the higher retail rate (or more), *Defendants do not remit the Room Tax directly to Puerto Rico and only a portion of the Room Tax is ever paid to Puerto Rico*.  In some instances, *Defendants do not remit any taxes at all*, not even a portion, as discussed further below.

**ANSWER**      The Expedia Defendants admit that they are online travel companies.  The Expedia Defendants deny the remaining averments in Paragraph 8 of the Complaint.

9.      Defendants' acts of tax evasion give rise to the Company's claims herein for: (1) declaratory judgment, (2) injunctive relief, (3) violation of Puerto Rico's Room Tax Law, (4) tort action for negligence and fault under Article 1802 of the Puerto Rico Civil Code, (5) violation of Article 1042 of the Puerto Rico Civil Code, (6) unjust enrichment under Article 7 of the Puerto

4

Rico Civil Code, (7) conversion, (8) assumpsit for money had and received, and (9) imposition of constructive trust.

**ANSWER**   The Expedia Defendants deny the averments in Paragraph 9 of the Complaint.

## II. PARTIES

10.    The Company, as a public corporation, has the power to use and be sued pursuant to 23 P.R. Laws Ann. sec. 671d(e).  Furthermore, the Company has the power to initiate this proceeding "to determine the debt or deficiency" of the OTCs on the account of the Room Tax "or of any surcharges, administrative fees and penalties, and which should be paid to the Company." 13 P.R. Laws Ann. sec. 2271w (a).

**ANSWER**   The Expedia Defendants deny the averments in Paragraph 10 of the Complaint.

11.    As for the Defendants, they can be grouped into four distinct groups, as subsidiaries or indirect subsidiaries of either: A) Priceline; B) Orbitz; C) Expedia; or D) Travelocity.

**ANSWER**   The Expedia Defendants admit that Expedia (WA), Hotels.com, L.P., Hotwire, Inc., and Egencia, Inc. are affiliated business entities, related through the common corporate parent Expedia, Inc., a Delaware corporation. The Expedia Defendants lack information sufficient to form a belief as to the truth of the remaining averments in Paragraph 11 of the Complaint and on that basis deny each and every averment therein.

### A.    The Priceline Defendants

12.    *Defendant priceline.com, Incorporated* ("Priceline") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.  Lowestfare.com LLC (formerly known as Lowestfare.com Incorporated) ("Lowestfare") is a wholly-owned subsidiary of Defendant Priceline.

**ANSWER**   The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint and on that basis deny each and every averment therein.

13.    *Defendant Travelweb, LLC* ("Travelweb") is a Delaware limited liability corporation with its principal place of business in Norwalk, Connecticut.  Defendant Travelweb, LLC is a wholly-owned subsidiary of Lowestfare.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 13 of the Complaint and on that basis deny each and every averment therein.

## B.    The Orbitz Defendants

14.    *Defendant Trip Network, Inc.* ("Trip Network") is a Delaware corporation with its principal place of business in Chicago, Illinois.  Defendant Trip Network does business as Cheaptickets.com.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint and on that basis deny each and every averment therein.

15.    *Defendant Orbitz, LLC* is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Orbitz, Inc. is the immediate parent company of Defendant Orbitz, LLC.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint and on that basis deny each and every averment therein.

16.    *Defendant Internetwork Publishing Corp.* ("Internetwork") is a Florida corporation with its principal place of business in Chicago, Illinois.  Defendant Internetwork did business as Lodging.com.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint and on that basis deny each and every averment therein.

17.    From approximately 2004 through July 2007, when Travelport, Inc. was named Cendant Travel Distribution Services Group, Inc., it was the immediate parent company of

Defendant Trip Network (d/b/a Cheaptickets.com) and Defendant Internetwork and the indirect parent company of Defendant Orbitz, LLC.

**ANSWER**       The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint and on that basis deny each and every averment therein.

18.     Defendant Orbitz, LLC, Defendant Trip Network, Defendant Internetwork and Orbitz, Inc. are subsidiaries of Orbitz Worldwide, Inc.

**ANSWER**       The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint and on that basis deny each and every averment therein.

## C.     The Expedia Defendants

19.     *Defendant Expedia, Inc. (WA)* ("Expedia (WA)") is a Washington corporation with its principal place of business in Bellevue, Washington.  Effective December 9, 2008, Hotels.com, Inc., a Delaware corporation, merged into Defendant Expedia (WA).  Effective January 1, 2009, TravelNow.com, Inc., a Delaware corporation, merged into Defendant Expedia (WA).  Expedia (WA) is the only member of Hotels.com GP, LLC.  Expedia (WA) indirectly owns 100% of the partnership units of Defendant Hotels.com, LP and is the parent company of Defendant Hotwire, Inc.  Hotels.com, Gp, LLC and Defendant Hotwire, Inc. are wholly-owned subsidiaries of Defendant Expedia (WA).

**ANSWER**       The Expedia Defendants admit the averments in Paragraph 19 of the Complaint.

20.     *Defendant Hotels.com, L.P.* is a Texas limited partnership with its principal place of business in Dallas, Texas.

**ANSWER**       The Expedia Defendants admit the averments in Paragraph 20 of the Complaint.

21.     *Defendant Hotwire. Inc.* ("Hotwire") is a Delaware corporation with its principal place of business in San Francisco, California.

**ANSWER**      The Expedia Defendants admit the averments in Paragraph 21 of the Complaint.

22.      *Defendant Egencia, LLC* ("Egencia") is a Nevada limited liability company with its principal place of business in Bellevue, Washington.

**ANSWER**      The Expedia Defendants admit the averments in Paragraph 22 of the Complaint.

23.      Travelscape, LLC and Defendants Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., and Egencia, LLC are affiliated business entities, related through the common corporate parent Expedia, Inc., a Delaware corporation ("Expedia (DE)").

**ANSWER**      The Expedia Defendants admit the averments in Paragraph 23 of the Complaint.

D.      **The Travelocity Defendants**

24.      *Defendant Travelocity.com LP* is a Delaware limited partnership with its principal place of business in Southlake, Texas.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint and on that basis deny each and every averment therein.

25.      *Defendant Site59.com LLC* ("Site59") is a Delaware limited liability company with its principal place of business in Southlake, Texas.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 25 of the Complaint and on that basis deny each and every averment therein.

26.      Travelocity.com LLC (formerly Travelocity.com, Inc.) is the general partner of Defendants Travelocity.com LP and Site59.com LLC.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 26 of the Complaint and on that basis deny each and every averment therein.

27.      Travelocity.com, LLC and Defendants Travelocity.com LP and Site59.com LLC are indirect subsidiaries of Sabre Holdings Corporation ("Sabre").

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 27 of the Complaint and on that basis deny each and every averment therein.

28.      The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as a DOE are unknown to the Company at this time and therefore said Defendants are sued by such fictitious names.  The Company will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained.  The Company is informed and believes, and alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner (including under the laws of agency) and liable for the events and practices herein alleged and, as such, proximately caused damages to the Company as hereinafter further alleged.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 28 of the Complaint and on that basis deny each and every averment therein.  Further answering, the Expedia Defendants deny that they or any unnamed affiliate are legally responsible and/or liable to Plaintiff or that they proximately caused any damages to Plaintiff.

### III.  JURISDICTION AND VENUE

29.      All Defendants regularly transact business within and profit by virtue of business within Puerto Rico and the claims asserted herein arise from their business conducted within and relating to Puerto Rico.  Defendants are thus subject to the jurisdiction of this Court.

**ANSWER**      The Expedia Defendants state that Paragraph 29 of the Complaint states legal conclusions that require no response.  To the extent Paragraph 29 of the Complaint contains

averments of fact, the Expedia Defendants deny each and every averment in Paragraph 29 of the Complaint.

30.     This Court possesses subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**ANSWER**     The Expedia Defendants admit the averments in Paragraph 30 of the Complaint.

31.     Venue is proper in this pursuant to 28 U.S.C. § 1391.

**ANSWER**     The Expedia Defendants state that Paragraph 31 of the Complaint states legal conclusions that require no response.  To the extent Paragraph 31 of the Complaint contains averments of fact, the Expedia Defendants deny each and every averment in Paragraph 31 of the Complaint.

## IV.  SUBSTANTIVE ALLEGATIONS

### A.     General Allegations

32.     Defendants, each of them, are online sellers and/or online resellers and/or online renters of hotel rooms to the public.  Defendants sold and/or provided and/or rented hotel rooms to the public, but failed to pay Room Tax on their rental/sales of Puerto Rico rooms.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 32 of the Complaint.

33.     Thus, the amount of Puerto Rico's Room Tax on hotel rooms sold/rented in Puerto Rico should be correctly calculated as a percentage of the gross amount each consumer occupant (the transient guest) pays each Defendant for a hotel room.  That is the amount each Defendant is required to remit to the Company.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 33 of the Complaint.

DLI-6485059

34.     Two parties cannot accomplish indirectly what one cannot accomplish directly under Puerto Rico's Tax Code.  Specifically, when a hotel sells/rents a room itself, taxes are due on retail amounts without any deduction for marketing or services relating to that rental.  If a hotel contracts with another company to sell/rent rooms, the tax basis remains the same, i.e., the full amount paid by the customer/occupant.  Marketing and service costs are not deductible, just as they are not in the case of direct rentals by a hotel.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 34 of the Complaint.

35.     Defendants are generally charging and collecting retail tax charges that they call "tax recovery charges" (including Room Tax) from consumers that are not being remitted by Defendants to the Company.  The tax charges are being paid by the consumer occupants to Defendants and ostensibly collected on behalf of Puerto Rico[2].  Defendants are also bundling the tax charges with alleged "fees" in order to disguise how much they actually remit in taxes.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 35 of the Complaint, including footnote 1 of the Complaint, which is listed as footnote 2 below.

36.     Defendants contract with hotels for rooms at negotiated discounted rates. Defendants then mark up the prices of rooms and rent the rooms to transient guests, who actually occupy the rooms.  The retail tax charges (that Defendants often call "tax recovery charges") are paid by the guests based on the marked up rates.  However, the Company only receives tax revenues based on the lower, negotiated room rates.  The Defendants pocket the difference.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 36 of the Complaint.

37.     For example, in a hotel room scenario, if a consumer pays Expedia.com $100.00 for a room in a hotel located in San Juan, Puerto Rico, Expedia.com calculates the tax charges based upon the amount the consumer pays – "gross amount" ($100.00).  Expedia.com however, obtains that room at a lower "net" rate, for instance, $60.00.  Because Defendants act as retailers and/or agents, and/or combinations of individuals, the amount of Room Tax due is 9% of $100, or $9.00.  However, in most cases, the amount of Room Tax remitted to Puerto Rico by Defendants has been and is based on the lower "net" rate.  In this example, Puerto Rico would

---

[2] The Defendants often argue that they really only collect taxes on the wholesale amounts. However, they fail to acknowledge the truth, which is that their "taxes and fees" lines are bundled charges designed to approximately equal or exceed taxes on the hotel rooms' retail amounts. The algorithms Defendants use were specifically created to mimic the retail tax charges paid by other sellers of hotel rooms (including the hotels themselves), even though after collecting such charges, the Defendants only pay a smaller amount to the hotels for taxes. The difference, or spread, creates illegal profit for the OTCs

only receive $5.40 (9% of $60.00), an underpayment of the Room Tax liability by $3.60.  Thus, in this single example, Puerto Rico's collected Room Tax would be 40% less than the tax charges that the Defendants actually collect.

      **ANSWER**      The Expedia Defendants admit that the tax recovery charge is an amount passed on to hotels for taxes owed by the hotel and is based off the hotel's net rate.  On information and belief, the Expedia Defendants state that the hotel remits taxes to Puerto Rico based off the hotel's net rate.  Except as expressly admitted, the Expedia Defendants deny each and every remaining allegation in Paragraph 37 of the Complaint.

      38.     All of the Defendants commonly utilize this practice when offering hotel rooms in Puerto Rico for sale.  The actual charges shown to the occupant are telling.  The online travel companies show the customers a line pertaining to taxes but fail to pay that amount of money to the Company.  For example, the Courtyard by Marriott San Juan Miramar located in San Juan, Puerto Rico selling rooms on its website presents charges as shown on the left, while Expedia.com presents its charges as shown on the right:

| A<br>**Marriott.com Booking**<br>**(Courtyard San Juan Miramar)** | | B<br>**Expedia.com Booking**<br>**(same hotel)** | |
|---|---|---|---|
| **Room Rate:** | **$169.00** | **Room Rate:** | **$169.00** |
| **Estimated Taxes:** | **$ 30.42** | **Taxes and Fees:** | **$ 30.42** |
| **Estimated Total:** | **$199.42** | **Trip Total:** | **$199.42** |

*See* Expedia.com Transaction attached as Exhibit A.  In this example, the Company receives $30.42 from the transaction in Column A and should receive the same amount from the Expedia.com transaction in Column B.

      **ANSWER**      Paragraph 38 recites legal conclusions that require no response.  To the extent Paragraph 38 contains averments of fact, the Expedia Defendants lack information sufficient to form a belief as to the truth of the averments, and on that basis deny those averments.  The Expedia Defendants deny any remaining averments set forth in Paragraph 38 of the Complaint.

      39.     Instead, Expedia.com transmits some lesser amount for the room that is determined by its confidential contracts plus 9 percent of that lesser amount as so-called "tax recovery charge."

DLI-6485059

**ANSWER**      The Expedia Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.      Neither the amount paid by Expedia.com for the room nor the amount paid for taxes is revealed to the customer.

**ANSWER**      The Expedia Defendants admit that they and the hotels are mutually obligated to maintain the confidentiality of the amount charged by the hotel for the room.  The Expedia Defendants deny the remaining averments in Paragraph 40 of the Complaint.

41.      The Defendants attempt to disguise their deceptive trade practice by improperly bundling their private profits (disguised as a "fee") with taxes, such that the occupant cannot determine how much they paid in taxes.  *See* Exhibits B ("Orbitz Transaction"), C ("Priceline Transaction"), and D ("Travelocity Transaction").

**ANSWER**      The Expedia Defendants deny the averments in Paragraph 41 of the Complaint.

42.      Defendants have failed to remit the full Room Tax due and owing to the Company and their conduct continues.

**ANSWER**      The Expedia Defendants deny the averments in Paragraph 42 of the Complaint.

43.      Defendants' business practices include charging the general public (transient guest) a combined taxes and service fee on the rental of each hotel room.

**ANSWER**      The Expedia Defendants admit they display to travelers a line item that combines tax recovery charges and service fees charge. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 43 of the Complaint.

44.      The Company and the general public are led to believe Defendants are remitting the correct amount of Room Tax and other hotel taxes to the Company.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 44 of the Complaint.

45.    Defendants are agents for the Company and the Commonwealth of Puerto Rico as hoteliers.  13 P.R. Laws Ann. sec. 2272 (b) ("[T]he hotelier becomes a collection agent for the Commonwealth of Puerto Rico").

**ANSWER**    Paragraph 45 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 45 contains averments of fact, the Expedia Defendants deny the averments in Paragraph 45 of the Complaint.

46.    Defendants, however, are improperly calculating their tax liabilities based upon the amount Defendants paid the hotel for the room, not upon the gross amount the general public paid Defendants.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 46 of the Complaint.

47.    As a result, the Room Tax liabilities paid by the general public and owed to the Company are underpaid/unpaid by the Defendants, who unlawfully pocket the difference[3].

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 47 of the Complaint, including footnote 2 of the Complaint, which is listed as footnote 3 below.

48.    These practices deprive Puerto Rico, the Company and its residents of the full amounts due and owing from the rental of each Puerto Rico hotel room.  In short, Defendants collect greater tax line item amounts from the general public than are remitted to the Company.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 48 of the Complaint.

49.    In addition to failing to properly pay collected or owed Room Taxes, Defendants do not delineate to the general public the amount being paid for the Room Tax, other taxes, and the amount, if any, being paid separately as "service fees."

---

[3] These unpaid/underpaid taxes that are due and owing under the Room Tax and related Code sections, subsections and other tax provisions are hereinafter referred to as "Taxes Monies Due and Owing."

14

DLI-6485059

**ANSWER**     The Expedia Defendants admit that they display to travelers a line item that combines tax recovery charges and service fees charges, in part, to maintain the confidentiality of the hotel's net rate. The Expedia Defendants and the hotels are mutually obligated to maintain the confidentiality of the hotel's net rate.  Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 49 of the Complaint.

50.     Defendants require that the hotels not reveal to the general public what Defendants paid for the hotel room.  Likewise, the hotels do not know what the general public paid Defendants for the hotel room.

**ANSWER**     The Expedia Defendants admit that they and the hotels are mutually obligated to maintain the confidentiality of the amount charged by the hotel for the room. Except as expressly admitted, the Expedia Defendants deny the remaining averments in Paragraph 50 of the Complaint.

51.     Instead, these amounts are bundled with other amounts to disguise what the customer is paying for each.

**ANSWER**     The Expedia Defendants admit that they display to travelers a line item that combines tax recovery charges and service fees charges, in part, to maintain the confidentiality of the hotel's net rate. The Expedia Defendants and the hotels are mutually obligated to maintain the confidentiality of the hotel's net rate.  Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 51 of the Complaint.

52.     The only way for the hotel to pay the correct Room Tax to the Company is if Defendants inform the hotel of the gross amount for which the hotel room was actually rented to the consumer by Defendants and to submit to the hotel the additional Room Tax owed to the Company (and which was actually paid by the consumer to Defendants).

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 52 of the Complaint.

53.     Defendants never remit Room Tax directly to the Company, instead paying the tax *only on the cost of the overnight accommodation* to the overnight accommodation, assuming it will be forwarded on to the Company.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 53 of the Complaint.

**B.     Defendants' Statements Regarding the "Merchant Model"**

54.     In recent years, the internet travel industry has seen explosive growth.  By some estimates, more than half of all hotel bookings in the United States are made online, many through internet travel companies owned by the Defendants.

**ANSWER**     The Expedia Defendants admit the averments in Paragraph 54 of the Complaint.

55.     Through their web portals, the Defendants allow consumers to rent hotel rooms in many different hotels throughout the country and the world.

**ANSWER**     The Expedia Defendants admit that they have offered customers on their websites the ability to make hotel reservations with a third party hotel.  Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 55 of the Complaint.

56.     The Defendants offer their services to hotels and consumers through two different business models: the "Agency Model" and the "Merchant Model."

**ANSWER**     The Expedia Defendants admit that Expedia (WA), Egencia, and Hotels.com, L.P. offer travelers on their websites the ability to make hotel reservations with a third party hotel through what has been referred to as an "agency model" and/or a "merchant model."

57.     Upon information and belief, the Merchant Model represents a majority of the Defendants' total online bookings.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 57 of the Complaint.

58.     The two models are described in the 2002 annual report of Defendant Expedia, Inc. as filed with the Securities and Exchange Commission on Form 10-K on March 31, 2003, and the 2004 Annual Report on Form 10-K as filed with the SEC of IAC/InterActive Corp. (the parent company - at that time - of Expedia.com, Hotwire.com and Hotels.com), p. 9.

**ANSWER**     The Expedia Defendants state that the public filing referenced in Paragraph 58 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 58 of the Complaint.

59.     Under the Merchant Model, the Defendants do not function merely as service providers collecting a fixed transaction fee.  Rather, the Merchant Model consists of two related transactions whereby an internet travel company, including each of Defendants: (i) first purchases and takes title to inventories of hotel rooms at negotiated rates from the hotels ("wholesale" rates); and (ii) then re-sells the rooms to consumers at higher rates ("retail" rates), keeping the difference, along with the service fees, as profit.  The Defendants purchase rooms from hotels at the lower wholesale rate using their own credit cards.  The selling hotels collect and remit to the Company hotel room taxes based on that lower wholesale rate.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 59 of the Complaint.

60.     The Defendants then rent hotel rooms to consumers at a higher retail rate; the consumers pay through a credit card transaction in which the particular Defendant is the merchant of record.

**ANSWER**     The Expedia Defendants admit that they have offered their hotel reservation facilitation services as merchants of record to customers.  The Expedia Defendants deny the remaining averments in Paragraph 60 of the Complaint.

61.     In their transactions with consumers, the Defendants charge retail tax amounts sufficient to cover the applicable hotel room taxes, but do not remit any such taxes to the taxing authority.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 61 of the Complaint.

62.     These merchant transactions were described in public filings by Expedia as follows:

> Under the merchant model, **we receive inventory** (hotel rooms, airline seats, car rentals, destination services) from suppliers at negotiated rates. **We determine the retail price paid by the customer and we then process the transactions as the merchant of record for the transaction. Acting as a merchant enables us to achieve a higher level of gross profit per transaction** compared to the agency model and allows us to provide better prices to customers compared to agency transactions. Merchant transactions comprised 58% of our total revenues in 2002 and are derived from the difference between what we pay for the inventory and what we charge the customer.

Expedia (DE) Annual Report (Form 10-K) (Mar. 31, 2003) at F-3 (emphasis added).

**ANSWER**     The Expedia Defendants state that the public filing referenced in Paragraph 62 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 62 of the Complaint.

63.     Similarly, Priceline.com specifically admitted that it actually "purchases" and "takes title" to hotel rooms before reselling them to end users:

> For most of these transactions, we establish the price we will accept, have total discretion in supplier selection, **purchase and take title to the particular product and are the merchant of record**.  Consumers agree to hold their offers open for a specified period of time to enable us to fulfill their offers from inventory provided by participating sellers.  Once fulfilled, offers generally cannot be canceled.  (Emphasis added.)

Priceline.com, Annual Report (Form 10-K) (Mar. 15, 2003) at 29.

**ANSWER**     The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint and on that basis deny each and every averment therein.

64.   Hotels.com also identified itself as a "reseller" of hotel rooms obtained from the hotels:

> We contract with hotels and other lodging properties in advance for volume purchases and guaranteed availability of rooms at wholesale prices **and resell these rooms to consumers** through our websites, third-party affiliated websites and our toll-free call centers.

Hotel Reservations Network, Inc. Annual Report (Form 10-K) (Apr. 2, 2001) at 3, 18 (emphasis supplied)

**ANSWER**   The Expedia Defendants state that the public filing referenced in Paragraph 64 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 64 of the Complaint.

65.   Similarly, Orbitz admitted that it "receive[s] inventory directly from a hotel" that it "then mark[s]-up and sell[s] to consumers:"

> Our hotel agreements include … merchant hotel contracts with certain hotels, hotel management groups and hotel chains that give us access to discounted negotiated rates **that we then mark-up and sell to consumers on a prepaid basis**.
>
> * * *
>
> Our strategy calls for us to increase the number of hotel rooms we can offer under our Orbitz Merchant Hotel program based on merchant arrangements we make directly with individual hotel properties and independent chains.  Under the Orbitz Merchant Hotel program, **we receive inventory directly from a hotel at a negotiated rate, and we determine the retail price at which we choose to offer it to the consumer**.
>
> * * *
>
> **We must also pay net rates to hotels in the event merchant hotel bookings sold on our website are purchased fraudulently**.

Orbitz, Inc. Annual Report (Form 10-K) (Mar. 18, 2004) at 11, 28, 74 (emphasis supplied).  This provision demonstrates that Defendant Orbitz did assume the risk of loss in certain of these **sale** transactions.

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 65 of the Complaint and on that basis deny each and every averment therein.

66.      Likewise, Travelocity.com, Inc. also distinguished its purchase and re-sale transactions under the Merchant Model from those where it merely provided a service:

> In order to increase its sales of higher margin products, Travelocity's business plan calls for it to increase **merchant model sales** pursuant to which **Travelocity serves as the merchant of record in the transaction rather than as a sales agent**.  In the merchant business, suppliers make inventory, such as airline seats, hotel rooms, car rentals, cruises, and vacation packages, available to Travelocity at wholesale or "net" rates. The merchant of record then sets the retail price that the customer pays and processes the transaction.  **The merchant business generally delivers higher revenue per transaction than comparable sales under the agency model, in which Travelocity acts as an agent in the transaction, passing a customer's reservation to the travel supplier and receiving a commission from the supplier for its services**.

Travelocity.com, Inc., Annual Report (Form 10-K) (Mar. 26, 2002) at 7 (emphasis supplied).

**ANSWER**      The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 66 of the Complaint and on that basis deny each and every averment therein.

67.      As Defendants have admitted in these sworn public filings, Defendants collect the hotel rental charges from consumers.

**ANSWER**      The Expedia Defendants deny the averments in Paragraph 67 of the Complaint.

68.      Defendants all employ the Merchant Model.  By using this business model to acquire title and rights to large blocks of hotel rooms, Defendants are able to negotiate a lower, "wholesale" purchase or lease price from the hotels.

**ANSWER**      The Expedia Defendants admit that Expedia (WA), Egencia, Hotels.com, L.P., and Hotwire have offered their hotel reservation facilitation services as merchants of record

to travelers using what has been referred to as the merchant model.  Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 68 of the Complaint.

69.    Defendants then re-sell or re-lease the hotel rooms to consumers at a substantially higher "retail" rate.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 69 of the Complaint.

70.    This purchase and re-sale "Merchant" business model is more profitable for the Defendants, and has become their dominant business paradigm in recent years.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 70 of the Complaint.

71.    Due to the contractual or factual relationship between the Defendants and the hotels, the Defendants act to provide/sell customers Lodging, and are thus, in addition to being direct sellers, at a minimum agents of the hotels under the law.  The Defendants sell rooms and share, to some degree, in the profits or losses generated.  The Defendants operate as joint enterprise members with the hotels in this regard and, thus, the Defendants have joint enterprise membership liability.  While the hotels are believed to pay full taxes upon the portions of the room occupancy rate which they retain, the Defendants fail to pay any taxes whatsoever on their retained portion of the room occupancy rate.

**ANSWER**    Paragraph 71 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 71 contains averments of fact, the Expedia Defendants deny each and every averment in Paragraph 71 of the Complaint.

72.    Upon information and belief, there are occasions where Defendants unlawfully retain *all* monies charged to and collected from consumers as revenue without remitting *any* taxes to the Company.  Known in the industry as "breakage," the situation arises when a consumer books and prepays a Defendant for a hotel room, and all monies (including Room Tax) are collected, but the Defendant never remits *any* tax monies to the Company.

**ANSWER**     Paragraph 72 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 72 contains averments of fact, the Expedia Defendants deny each and every averment in Paragraph 72 of the Complaint.

73.     For example, in a no-show scenario, where a consumer books and prepays a hotel directly for the room rental but neither shows up nor timely cancels, the hotel retains the room rate but still remits the applicable Room Tax to the Company.

**ANSWER**     The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments set forth in Paragraph 73 of the Complaint, and on that basis deny those averments.

74.     However, if a consumer books and prepays with an OTC Defendant, and neither shows up nor timely cancels, the OTC Defendant retains all monies paid by the consumer, including the Room Tax and other taxes charged to and collected from the consumer.  In both of these scenarios, the Company is entitled to the full amount of taxes collected from the consumer at the time the transaction occurs, as the Defendants have a duty to remit the taxes regardless of any invoicing irregularities that may occur in a no-show scenario[4].

**ANSWER**     The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments set forth in the first sentence of Paragraph 74 of the Complaint, and on that basis deny those averments.  The second sentence of Paragraph 74 of the Complaint recites legal conclusions that require no response. To the extent Paragraph 74 contains averments of fact, the Expedia Defendants deny those averments.   The Expedia Defendants deny the remaining averments set forth in Paragraph 74 of the Complaint, including footnote 3 of the Complaint, which is listed as footnote 3 below.

## C.     Defendants Developed Intentionally Misleading Tax Practices

---

[4] A Texas jury deemed the Defendants' practices illegal, including their "breakage" activities, and awarded more than $20 million in total to Texas local governments. The April 4, 2013 Final Judgment awarded the City of San Antonio and similarly situated Texas cities $55,146,489 in total damages, penalties and interest. "Breakage" damages are also being paid in Georgia, pursuant to a settlement there.

75.    Years ago, the Defendants recognized an opportunity.  They decided that if they collected taxes at retail (which is what customers expect to pay), but paid taxes at wholesale, they could make lots of money on the "spread".  They could simply multiply the tax rate times the retail price when charging customers, but multiply the tax rate times the net cost when paying hotels.  They realized, though, that if they handled (or continued handling) things this way on their books, it would be illegal, and obviously so.  Therefore, the Defendants developed an "opaque" scheme to make it less obvious.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 75 of the Complaint.

76.    Under this scheme, step one involved charging customers "tax money" that appeared to be in line with simply multiplying the tax rate times the retail price.  Step two involved remitting taxes on the wholesale rates and pocketing the difference.  However, to disguise things, the Defendants developed algorithms and then made up "service fees" and surcharges to act as camouflage, to make up the difference.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 76 of the Complaint.

77.    These algorithms, service fees, and surcharges bore no relation to any services.  Instead, these tools were really just roundabout ways to effectively charge taxes at retail without saying it.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 77 of the Complaint.

78.    The outcome was intended to be the same, as the earlier discussed example transactions showed.

**ANSWER**    The Expedia Defendants deny the averments in Paragraph 78 of the Complaint.

79.    As the sample transactions show, the Defendants' tax line closely resembles or approximates the tax line of the hotels.  In fact, the Defendants take steps to ensure that the practice was revenue neutral and yielded them the same money from their "taxes and fee" charges just as if they were collecting taxes on the retail charges without a service fee.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 79 of the Complaint.

80.     The Defendants' own employees questioned the OTCs' tax practices and recognized the problem they had under the law: "**It's always a risk that as we educate the regulators or elected officials that they are better able to cook our goose.**"[5]

**ANSWER**     The Expedia Defendants lack information sufficient to form a belief as to the truth of the averments in Paragraph 80 of the Complaint relating to the cited Orbitz document and on the basis deny each and every averment therein, including footnote 4 of the Complaint.

81.     While the algorithms and resulting tax charges have been adjusted over time, the core features continue to share commonality on a number of key points: 1) there is a combined or bundled charge; 2) there is no disclosure about what amount of money is actually being paid in taxes; 3) the bundled tax charges resemble the amount of taxes at retail as charged by hoteliers and others so much so that it confuse(s) taxing authorities and consumers alike into believing that taxes are being collected **and paid** on the retail amounts when they are not; and 4) nobody can determine the amount of taxes actually being paid by the OTCs (unless they obtain the confidential internal OTC documents).

**ANSWER**     The Expedia Defendants admit that they charge their customers the amount that will be paid to the hotel, plus compensation for the Expedia Defendants' costs and services, and pass along to the hotels amounts charged by the hotels for the room and applicable tax recovery charges.  The Expedia Defendants further admit that they display to travelers a line item that combines tax recovery charges and service fee charges, in part, to maintain the confidentiality of the amount charged by the hotel for the room.  The Expedia Defendants and the hotels are mutually obligated to maintain the confidentiality of the amount charged by the hotel.  Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 81 of the Complaint.

---

[5] Orbitz Document cited in its Privilege Log Entry in the *City of Atlanta Case* and as cited in *Columbus, Georgia v. Orbitz, LLC*, Civil Action No. SU-06-CV- 1895-05, slip. op. at p. 18 (Ga. Super. Ct., Jan. 30, 2007) (now vacated upon a joint request of the parties in conjunction with a payment of $450,000 by Orbitz to settle with the City of Columbus) (emphasis added).

82.     In sum, the Defendants create substantial "confusion and misunderstanding" by virtue of their presentation of hotel and tax charges to the customers, the use of formulas to reverse engineer retail tax charges, and the net effect of these practices, which results in underpayment to the Company.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 82 of the Complaint.

83.     As shown in the public statements made by Defendants and in the allegations above concerning their tax calculation, collection, and remittance practices, Defendants have been utilizing their merchant model practices for years, which have substantially affected commerce to the detriment of the Company, its residents, and its visitors and tourists. Consumers have been taken advantage of by the Defendants in being charged and paying for tax line charges that, according to the Defendants, are not owed.  These actions by the Defendants constitute unfair and deceptive acts and practices and are the type of practices prohibited by the Puerto Rico's Regulation of Business Practices for Consumer Protection.

**ANSWER**     Paragraph 83 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 83 contains averments of fact, the Expedia Defendants deny each and every averment in Paragraph 83 of the Complaint.

**D.     Defendants Refuse to Pay Assessments and Argue Threshold Legal Issues**

84.     Taxing authorities around the country have repeatedly assessed and/or audited the Defendants.  The Defendants have always denied legal liability and asserted constitutional defenses, and often try to tie up the matters in the administrative process for years.

**ANSWER**     The Expedia Defendants admit that they have previously been assessed and/or audited.  The Expedia Defendants deny any remaining averments in Paragraph 84 of the Complaint.

85.     For example, the Indiana Department of Revenue ("DOR") conducted an investigation and determined that Defendants should have collected and remitted Room Tax on the total amount the OTC collected from its customers for the years 2004-2006.  Despite issuing proposed assessments for Room Tax and interest, the Indiana DOR was not paid following its audit and assessment.  It was not until 2008 that a Letter of Findings was issued, many years after the initial audit and assessment was conducted.  See Indiana Department of State Revenue, Letter of Findings No. 08-0434 (2008), available at www.in.gov/dor/reference/legal/rulings/pdfs/0420080434revlof.pdf.

Case 3:14-cv-01318-JAF   Document 27   Filed 06/20/14   Page 26 of 58

**ANSWER**      The Expedia Defendants state that the public letter of finding referenced in Paragraph 85 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 85 of the Complaint.

86.      The State of Indiana has not been paid any taxes directly by the Defendants.

**ANSWER**      The Expedia Defendants deny the averments in Paragraph 86 of the Complaint.

87.      Additionally, the South Carolina Department of Revenue ("SC DOR") conducted an audit of an OTC defendant's records for a period from 2001 through 2006. After determining that the OTC was required to pay a tax on the gross proceeds received from furnishing hotel accommodations in South Carolina, the SC DOR issued an assessment and penalty. The OTC contested the assessment and penalty and tied up the matter in administrative hearings. Despite an order from the South Carolina Administrative Law Court ("ALC") that the OTC was required to pay the taxes, the OTC appealed. It was not until 2011 that the South Carolina Supreme Court issued an opinion affirming the ALC's decision. *See Travelscape, LLC v. S.C. Dep't of Rev.*, 391 S.C. 89, 705 S.E.2d 28 (SC 2011).

**ANSWER**      The Expedia Defendants state that the case referenced in Paragraph 87 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 87 of the Complaint.

88.      Numerous Georgia local governments now represented in the *City of Rome* case previously sent multiple requests for information and assessments to the OTCs, but they were not paid and were forced to resort to litigation to collect the tax monies owed to the local governments. *See City of Rome v. Hotels.com*, 2007 U.S. Dist. LEXIS 98522 (N.D. Ga. 2007).

**ANSWER**      The Expedia Defendants state that the case referenced in Paragraph 88 of the Complaint is a written document, the content of which speaks for itself. Except as expressly admitted, the Expedia Defendants deny each and every averment in Paragraph 88 of the Complaint.

89.     As demonstrated above, despite audits and assessments and attempts to resolve the matter administratively, Defendants employ a practice of stalling in order to evade the payments of taxes owed to governments.  Moreover, the threshold question, whether or not the online travel companies are subject to Puerto Rico's Room Taxes, is one of law and does not require administrative expertise.  It presents a question of law peculiarly within judicial competence, and judicial economy would be served where the legal issues involved would be resolved with less expense and more efficiently and expeditiously within the judicial system.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 89 of the Complaint.

90.     The OTCs will not remit Room Tax on their markups and service fees absent a court order.

**ANSWER**     The Expedia Defendants deny the averments in Paragraph 90 of the Complaint.

## V.  CAUSES OF ACTION

## COUNT I:  DECLARATORY JUDGMENT

91.     The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**     The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 90 of the Complaint.

92.     Defendants have been and continue to deceptively and unlawfully collect tax charges at or above the retail rate while only paying taxes on wholesale rates.  Defendants cannot hide an additional and illegal profit stream under the guise of "taxes and fees."  The violations are simple and extremely harmful to Puerto Rico's Room Tax Code and those who travel to and stay in Puerto Rico.  Tax dollars that should be flowing to the Company are being diverted into Defendants' out-of-state coffers.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 92 of the Complaint relating to Plaintiff's declaratory judgment claim.

To the extent the Expedia Defendants are required to respond to Paragraph 92 of the Complaint, the Expedia Defendants deny the averments in Paragraph 92 of the Complaint.

93.     All of the above outlined conduct is illegal and threatens the integrity of Puerto Rico's Room Tax Code.  If this practice of collecting money as "taxes and fees" with no separate itemization and generally only a partial remission, other businesses may decide to only pay Puerto Rico taxes at wholesale rates while charging customers (supposed) "taxes" at retail.  If taken to the extreme, other businesses may decide to consider most of their charges to the public to be non-taxable services and only remit taxes on a small portion of their revenues.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 93 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 93 of the Complaint, the Expedia Defendants deny the averments in Paragraph 93 of the Complaint.

94.     Under this erroneous view, a Holiday Inn could decide to charge $100 dollars for the rental of a room, collect "taxes and fees" on the $100, but later remit Room Tax on the overnight accommodation of only a single dollar of that transaction and pocket the rest of the "taxes and fees" as a service fee.  This is not the law.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 94 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 94 of the Complaint, the Expedia Defendants deny the averments in Paragraph 94 of the Complaint.

95.     The law requires transparent tax administration and full payment of the Room Tax on the gross amounts.

**ANSWER**   Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.   Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 95 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 95 of the Complaint, the Expedia Defendants deny the averments in Paragraph 95 of the Complaint.

96.   When Marriott rents a room on its online website, it charges and collects and remits Hotel Room Taxes based on the retail rate; however, when an OTC rents a Marriott room on its website, it charges and collects Room Taxes and other hotel taxes at or above the retail rate, but remits on a lesser wholesale rate.  This is fundamentally wrong.  The rule of law must be imposed and these Defendants must be brought in line with other renters of hotel rooms, so that Puerto Rico's revenues can be returned to the proper levels under the law.

**ANSWER**   Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.   Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 96 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 96 of the Complaint, the Expedia Defendants deny the averments in Paragraph 96 of the Complaint.

97.   The Company seeks a declaratory judgment against all Defendants finding Defendants' business practices as to the collection of the Room Tax illegal, deceptive, and unlawful and in violation of the laws and ordinances designated herein.

**ANSWER**   Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.   Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 97 of the Complaint relating to Plaintiff's declaratory judgment claim.

To the extent the Expedia Defendants are required to respond to Paragraph 97 of the Complaint, the Expedia Defendants deny the averments in Paragraph 97 of the Complaint.

98.     Further, the Company seeks a declaratory judgment from the Court asking it to declare the rights and obligations of the Defendants with respect to the Company relating to their Room Tax obligations under the sections cited herein.   Specifically, the Company seeks a judgment declaring that Defendants are subject to the applicable provisions of Puerto Rico's Room Tax Code and further declaring that Defendants are legally required to collect such taxes on the gross amount paid by the transient guest who obtain rooms through Defendants and that Defendants are required to remit to Puerto Rico the tax charges collected by Defendants on the gross amounts paid by transient guests.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.   Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 98 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 98 of the Complaint, the Expedia Defendants deny the averments in Paragraph 98 of the Complaint.

99.     A justifiable controversy is stated herein concerning the Defendants' Room Tax liability.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim.   Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 99 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 99 of the Complaint, the Expedia Defendants deny the averments in Paragraph 99 of the Complaint.

100.     Such a declaratory judgment is proper.  *See* 32 P.R. Laws Ann. Ap. V R. 59.1 ("The Court of First Instance shall have the authority to declare rights, status and other legal relationship, even though another remedy is or may be instigated"); *see also*, 32 P.R. Laws Ann. Ap. V R. 59.2 (c) ("The enumeration made in subsections (a) and (b) of this rule shall neither

limit nor restrict the exercise of general powers conferred by Rule 59.1 in any proceeding for a declaratory remedy, provided a judgment or decree will put an end to the controversy or clear any uncertainty").

    **ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's declaratory judgment claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 100 of the Complaint relating to Plaintiff's declaratory judgment claim. To the extent the Expedia Defendants are required to respond to Paragraph 100 of the Complaint, the Expedia Defendants deny the averments in Paragraph 100 of the Complaint.

## COUNT II: INJUNCTIVE RELIEF

    101.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

    **ANSWER**    The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 100 of the Complaint.

    102.    Defendants continue and will continue their business practices pertaining to the underpayment of and failure to pay (in the case of "breakage") Room Tax on hotel rooms. Defendants' representatives, in sworn testimony given in other cases pertaining to similar issues, have stated that Defendants have not paid and will not pay taxes, such as Puerto Rico's Room Tax, prior to being ordered to do so by a Court.

    **ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 102 of the Complaint relating to Plaintiff's injunctive relief claim. To the extent the Expedia Defendants are required to respond to Paragraph 102 of the Complaint, the Expedia Defendants deny the averments in Paragraph 102 of the Complaint.

103.    Based upon this and other sworn testimony, there is a substantial likelihood that Puerto Rico will prevail upon the merits of this case when tried.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 103 of the Complaint relating to Plaintiff's injunctive relief claim.  To the extent the Expedia Defendants are required to respond to Paragraph 103 of the Complaint, the Expedia Defendants deny the averments in Paragraph 103 of the Complaint.

104.    Further, the Company has incurred and will continue to incur irreparable harm from the Defendants' failure and refusal to pay the full amount of taxes due to the Company. Notwithstanding the possibility of ascertaining the amount of tax charges collected by Defendants and not remitted to the Company, the Company is unable to measure the harm caused to it and its citizens from the diversion of these funds away from their intended purpose(s).  Until appropriate relief is granted, the Company will continue to lose the benefits provided by these taxes and these lost opportunities cannot be remedied solely by monetary damages.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 104 of the Complaint relating to Plaintiff's injunctive relief claim.  To the extent the Expedia Defendants are required to respond to Paragraph 104 of the Complaint, the Expedia Defendants deny the averments in Paragraph 104 of the Complaint.

105.    The balance of harms is entirely in favor of the Company.  The ultimate taxpayers are the hotel guests, and the Defendants are acting as their agents and as tax collection agents when they charge and collect tax dollars from those guests.  All retail tax charges should be remitted.  Because that is not occurring, the Company is deprived of needed and vital revenue resources which would benefit its citizens, whereas Defendants are collecting, but refusing to pay over moneys collected from the ultimate taxpayers.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 105 of the Complaint relating to Plaintiff's injunctive relief claim.  To the extent the Expedia Defendants are required to respond to Paragraph 105 of the Complaint, the Expedia Defendants deny the averments in Paragraph 105 of the Complaint.

106.    The utilization of taxes for the support of tourism and related economic development is well recognized as social policy.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 106 of the Complaint relating to Plaintiff's injunctive relief claim.  To the extent the Expedia Defendants are required to respond to Paragraph 106 of the Complaint, the Expedia Defendants deny the averments in Paragraph 106 of the Complaint.

107.    Therefore, the Company respectfully asks that the Court enjoin Defendants from further, future violation of the applicable Room Tax laws and that Defendants be ordered to: (1) collect said taxes on the gross amount paid to them by the consumer (transient guest) to whom they rent rooms; (2) identify, categorize/itemize and quantify to the Company the Room Tax due and being paid; (3) and remit the proper and full amount (including in "breakage" situations).

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's injunctive relief claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 107 of the Complaint relating to Plaintiff's injunctive relief claim.  To the extent the Expedia Defendants are required to respond to Paragraph 107 of the Complaint, the Expedia Defendants deny the averments in Paragraph 107 of the Complaint.

## COUNT III: VIOLATIONS OF THE COMPANY'S ROOM TAX LAWS

108.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**    The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 107 of the Complaint.

109.    As set forth above, Puerto Rico's Room Tax is "a general tax of nine percent (9%) over the room occupancy rate."  13 P.R. Laws Ann. sec. 2271o (b).

**ANSWER**    Paragraph 109 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 109 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 109 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.  Further answering, the Expedia Defendants deny that Plaintiff is authorized to impose, collect, or enforce the Room Tax for any period prior to March 1, 2004.

110.    "With the exception of [13 P.R. Laws Ann. sec. 2271a], no hotelier may levy or charge its guests charges denominated as a 'contribution', 'right', 'tax', or 'rate' that would otherwise indicate or lead to the belief that such charge is established by the Commonwealth of Puerto Rico when the charge has not been levied nor will be charged by the Commonwealth of Puerto Rico."  P.R. Laws Ann. sec. 2271o (h).  "The hotelier shall be responsible for breaking down such charges in paragraphs in the bills, separate and independent from the charge with respect to the tax."  *Id.*

**ANSWER**    Paragraph 110 of the Complaint recites legal conclusions that require no response.  To the extent Paragraph 110 contains averments of fact, the Expedia Defendants state that the written Code is the best evidence of its contents and respectfully refer the Court thereto, and deny the averments in Paragraph 110 of the Complaint to the extent they deviate from or are inconsistent with the Code as a whole.  Further answering, the Expedia Defendants deny that

Plaintiff is authorized to impose, collect, or enforce the Room Tax for any period prior to March

1, 2004.

111.    As shown in their public statements and as alleged herein, the Defendants are
engaged in the business of selling/renting hotel rooms in Puerto Rico.  They contract with hotels
to sell, and they do subsequently sell, Puerto Rico hotel rooms.  Accordingly, the amount of the
Room Tax on hotel rooms sold/rented in Puerto Rico by Defendants should be correctly
calculated as a percentage of the *gross amount* each consumer pays to Defendants for a hotel
room.  And that is the amount each Defendant is required to collect and remit to the Company.

**ANSWER**      The Expedia Defendants admit that they have contracts with hotels that

are located in Puerto Rico.  Except as expressly admitted, the Expedia Defendants deny each and

every averment in Paragraph 111 of the Complaint.  Further answering, the Expedia Defendants

deny that Plaintiff is authorized to impose, collect, or enforce the Room Tax for any period prior

to March 1, 2004.

112.    Upon information and belief, Defendants are charging to and collecting Room
Tax from consumers that are not being remitted to the Company.  The tax charges are being paid
by the consumer to Defendants and ostensibly collected on behalf of Puerto Rico, but the
Defendants are remitting only part of the money due as Room Tax.  Further, they are not adding
the Room Tax separately to the sales price but are deceptively hiding illegal profit streams under
labels such as "taxes" or "taxes or fees" or "tax recovery charges."

**ANSWER**      The Expedia Defendants deny the averments in Paragraph 112 of the

Complaint.  Further answering, the Expedia Defendants deny that Plaintiff is authorized to

impose, collect, or enforce the Room Tax for any period prior to March 1, 2004.

113.    The Company seeks the restoration of transparency as addressed above, and the
payment of all Room Tax monies that should have been paid to date based upon the retail rates
Defendants charged consumers for the rental of hotel rooms in Puerto Rico, along with all
applicable penalties, interest and attorney fees.

**ANSWER**      The Expedia Defendants admit that Paragraph 113 contains a

characterization of Plaintiff's claim but deny they are obligated to collect and remit the taxes

purportedly at issue in this case.    The Expedia Defendants deny the remaining averments in

Paragraph 113 of the Complaint.  Further answering, the Expedia Defendants deny that Plaintiff

is authorized to impose, collect, or enforce the Room Tax for any period prior to March 1, 2004.

## COUNT IV: TORT ACTION FOR NEGLIGENCE AND FAULT UNDER ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

114.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**      The Expedia Defendants incorporate each of their answers and responses

to Paragraphs 1 through 113 of the Complaint.

115.    The Company contends that Defendants' unlawful conduct in violating Article 1042 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. sec. 2992 and in breaching an obligation imposed by law creates an obligation to pay the collected and charged Room Tax.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

115 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 115 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 115 of the Complaint.

116.    Additionally, Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. sec. 5141, imposes the obligation to "repair the damage" done by any person whose act or omission "causes damage" to another through "negligence" or "fault".  Compensation for damages under this legal provision is also imposed on any person who negligently and wrongfully violates a law, such as the Puerto Rico Tax Revenue Code.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

116 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 116 of the Complaint, the Expedia Defendants deny the averments in Paragraph 116 of the Complaint.

117.    Through contracts with hotels and accommodations, Defendants have elected to collect the Room Tax.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 117 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 117 of the Complaint, the Expedia Defendants deny the averments in Paragraph 117 of the Complaint.

118.    Defendants have by their own acts or omissions caused damage to Plaintiff through fault and negligence and shall be obliged to repair the damage so done.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 118 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 118 of the Complaint, the Expedia Defendants deny the averments in Paragraph 118 of the Complaint.

119.    Defendants choose to collect the Room Tax online, rather than having the hotel or accommodations customer pay the tax directly to the hotel or accommodation.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 119 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 119 of the Complaint, the Expedia Defendants deny the averments in Paragraph 119 of the Complaint.

120.    By collecting the Room Tax online, Defendants gain the confidence of the Company and purport to act with the Company's interest in mind.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 120 of the Complaint relating to Plaintiff's tort action claim.  To the extent the Expedia Defendants are required to respond to Paragraph 120 of the Complaint, the Expedia Defendants deny the averments in Paragraph 120 of the Complaint.

121.    Moreover, by collecting the Room Tax online, Defendants acquire influence over the Company.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 121 of the Complaint relating to Plaintiff's tort action claim.  To the extent the Expedia Defendants are required to respond to Paragraph 121 of the Complaint, the Expedia Defendants deny the averments in Paragraph 121 of the Complaint.

122.    Defendants' choice to collect the Room Tax online creates a fiduciary duty between Defendants and the Company because it results in the Defendants handling money that is not their own or for their own benefit, but instead is the money of the Company and for the benefit of the Company.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

122 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 122 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 122 of the Complaint.

     123.     Defendants' choice to collect the Room Tax online also creates a fiduciary duty
between Defendants and the customers from whom they collect the Room Tax, who are paying
Defendants the Room Tax for the specific purpose that Defendants will pay them over to the
Company.

     **ANSWER**     Concurrent   with   the   Expedia   Defendants'   Answer   and   Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

123  of  the  Complaint  relating  to  Plaintiff's  tort  action  claim.   To  the  extent  the  Expedia

Defendants are required to respond to Paragraph 123 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 123 of the Complaint.

     124.     Defendants, in their sole discretion, combine taxes and fees in one lump sum,
preventing their customers from ever seeing the amount they pay in Room Tax or the amount of
markup Defendants are charging them.

     **ANSWER**     Concurrent   with   the   Expedia   Defendants'   Answer   and   Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

124  of  the  Complaint  relating  to  Plaintiff's  tort  action  claim.   To  the  extent  the  Expedia

Defendants are required to respond to Paragraph 124 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 124 of the Complaint.

     125.     By underpaying and, in the case of "breakage", not paying at all Room Tax to the
Company, Defendants have abused the Company's influence, betrayed the Company's
confidence and breached their fiduciary duty to the Company.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 125 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 125 of the Complaint, the Expedia Defendants deny the averments in Paragraph 125 of the Complaint.

126.    Moreover, by combining taxes and fees in one line item rather than separately stating them, Defendants are failing to provide transparency and accountability for the money entrusted in them by customers to pay over to the Company and also the transparency and accountability required by the Company.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 126 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 126 of the Complaint, the Expedia Defendants deny the averments in Paragraph 126 of the Complaint.

127.    Discovery is necessary because Defendants have failed to provide transparency by combining together Room Tax and fee amounts.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 127 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 127 of the Complaint, the Expedia Defendants deny the averments in Paragraph 127 of the Complaint.

128.    Only Defendants know how much they have paid over to the hotels and other accommodations in Room Tax verses what amounts they have kept for themselves in each transaction.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 128 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 128 of the Complaint, the Expedia Defendants deny the averments in Paragraph 128 of the Complaint.

129.    The true amounts of the Defendants have pocketed in each transaction as well as the true amounts Defendants have paid over to hotels as Room Tax are crucial to the determination of any damage award against Defendants in this lawsuit and, as such, without them, there is no adequate remedy at law.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 129 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 129 of the Complaint, the Expedia Defendants deny the averments in Paragraph 129 of the Complaint.

130.    Further, because Defendants have sold, rented, booked and leased hotel rooms and other accommodations online to a multitude of customers traveling to Plaintiff over time, there exist mutual accounts which are of a complex nature.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 130 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

41

Defendants are required to respond to Paragraph 130 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 130 of the Complaint.

131.    Defendants' unlawful conduct resulted in the loss of funds which are directly remanded to the Company, causing it to suffer substantial economic losses, compensable as damages under Puerto Rico's general tort statute.  Defendants intentionally, recklessly and/or negligently violated the provisions of the Puerto Rico Tax Code, specifically the ones related with the Room Tax, 13 P.R. Laws Ann. secs. 2271w and caused economic losses to the Company.  Such conduct, as a direct and proximate cause, deprived the Company of more than a decade of tax revenue.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

131 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 131 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 131 of the Complaint.

132.    Defendants respond jointly and severally to the Company for these violations, entitling plaintiff to an award of compensatory damages, costs, interests and attorneys' fees.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

132 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 132 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 132 of the Complaint.

133.    Plaintiff herein also requests that the trier of fact, in the exercise of sound discretion, to require Defendants to provide an accounting of the total amounts they have collected from each customer in transactions resulting in hotel room stays and accommodation stays in Puerto Rico from the beginning of the Room Tax forward, as well as the amount Defendants retained from each transaction and the amount Defendants remitted to the hotel or

accommodation in each transaction for Room Tax and the cost the hotel or accommodation charged Defendants for the room in the hotel or accommodation.

**ANSWER**   Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 133 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 133 of the Complaint, the Expedia Defendants deny the averments in Paragraph 133 of the Complaint.

134.   Because the Tax Monies Due and Owing was not available for over a decade, for the Company's use to further promote and grow the number one industry on the Island, the Company has suffered millions of dollars in damages, and continues to suffer ongoing damages, which will be established consistent with the evidence.

**ANSWER**   Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's tort action claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 134 of the Complaint relating to Plaintiff's tort action claim.   To the extent the Expedia Defendants are required to respond to Paragraph 134 of the Complaint, the Expedia Defendants deny the averments in Paragraph 134 of the Complaint.

## COUNT V: UNJUST ENRICHMENT UNDER ARTICLE 7 OF THE PUERTO RICO CIVIL CODE

135.   The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**   The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 134 of the Complaint.

136.   Beginning in approximately 1999 and continuing, Defendants, by and through their officers, directors, employees, agents, or other representatives, charged and collected the

Room Tax from hotel guests who booked online reservations in Puerto Rico, but failed to remand the same to the Company as required by the Puerto Rico Tax Code.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's unjust enrichment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 136 of the Complaint relating to Plaintiff's unjust enrichment claim.  To the extent the Expedia Defendants are required to respond to Paragraph 136 of the Complaint, the Expedia Defendants deny the averments in Paragraph 136 of the Complaint.

137.    Defendants solely have benefitted from their illegal conduct, and consequently it would be inequitable that the Defendants be allowed to retain any of these payments and collections resulting from their illegal conduct.  Pursuant to Article 7 of Puerto Rico Civil Code, 31 P.R. Laws Ann. sec. 7, the Company demands that Defendants disgorge all such monies acquired through Defendants' illegal or inequitable conduct.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's unjust enrichment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 137 of the Complaint relating to Plaintiff's unjust enrichment claim.  To the extent the Expedia Defendants are required to respond to Paragraph 137 of the Complaint, the Expedia Defendants deny the averments in Paragraph 137 of the Complaint.

138.    Therefore, the Company requests an order that Defendants be directed to give possession of the Tax Monies Due and Owing to the Company.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's unjust enrichment claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 138 of the Complaint relating to Plaintiff's unjust enrichment claim.  To the extent the

44

Expedia Defendants are required to respond to Paragraph 138 of the Complaint, the Expedia

Defendants deny the averments in Paragraph 138 of the Complaint.

## COUNT VI: CONVERSION

139.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**    The Expedia Defendants incorporate each of their answers and responses

to Paragraphs 1 through 138 of the Complaint.

140.    At all times alleged herein, the Company had a property interest in the Tax Monies Due and Owing[6] in that it was and is the sole rightful owner.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's conversion claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

140 of the Complaint relating to Plaintiff's conversion claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 140 of the Complaint, the Expedia Defendants

deny the averments in Paragraph 140 of the Complaint, including footnote 5 of the Complaint

which is listed as footnote 6 here.

141.    Indeed, "the hotelier becomes a collection agent for the Commonwealth of Puerto Rico[.]"  13 P.R. Laws Ann. sec. 2272 (b).

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative

Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's conversion claim.

Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph

141 of the Complaint relating to Plaintiff's conversion claim.   To the extent the Expedia

---

[6] "Tax Monies Due and Owing" herein refers to the underpaid and underpaid (as in the situation of "breakage") Room Tax claimed herein.

Defendants are required to respond to Paragraph 141 of the Complaint, the Expedia Defendants deny the averments in Paragraph 141 of the Complaint.

142.    In collecting taxes on the retail rate but only remitting taxes on the wholesale rate or not at all in the case of "breakage", Defendants intentionally exercised dominion and control over the Tax Monies Due and Owing which so seriously interfered with the right of the Company to control such Monies that Defendants may justly be required to pay the Company such Monies.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's conversion claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 142 of the Complaint relating to Plaintiff's conversion claim.   To the extent the Expedia Defendants are required to respond to Paragraph 142 of the Complaint, the Expedia Defendants deny the averments in Paragraph 142 of the Complaint.

143.    Therefore, the Company requests an order that Defendants be directed to give possession of the Tax Monies Due and Owing to the Company.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's conversion claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 143 of the Complaint relating to Plaintiff's conversion claim.   To the extent the Expedia Defendants are required to respond to Paragraph 143 of the Complaint, the Expedia Defendants deny the averments in Paragraph 143 of the Complaint.

### COUNT VII: ASSUMPSIT FOR MONEY HAD AND RECEIVED

144.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

DLI-6485059

**ANSWER**      The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 143 of the Complaint.

145.    By selling and renting rooms in Puerto Rico, Defendants were obligated by law and, therefore, promised to collect the Room Tax and remit such taxes on the retail amount to the Company, including but not limited to in "breakage" situations.  Defendants have breached that promise and damaged Plaintiff in the amount of the Tax Monies Due and Owing by collecting the Room Tax charges but unlawfully failing to remit the tax charges on the retail amount to the Company.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's assumpsit for money claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 145 of the Complaint relating to Plaintiff's assumpsit for money claim.  To the extent the Expedia Defendants are required to respond to Paragraph 145 of the Complaint, the Expedia Defendants deny the averments in Paragraph 145 of the Complaint.

146.    As such, under the principles of equity, Defendants must be disgorged of said collected but un-remitted taxes which in equity and good conscience belong to the Company and its citizens.  Therefore, the Company requests an order that Defendants be directed to give possession of the Tax Monies Due and Owing to the Company.

**ANSWER**      Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's assumpsit for money claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 146 of the Complaint relating to Plaintiff's assumpsit for money claim.  To the extent the Expedia Defendants are required to respond to Paragraph 146 of the Complaint, the Expedia Defendants deny the averments in Paragraph 146 of the Complaint.

### COUNT VIII: IMPOSITION OF A CONSTRUCTIVE TRUST

147.    The Company incorporates each of the allegations in Sections I through IV above by reference as if fully rewritten herein.

**ANSWER**      The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 146 of the Complaint.

148.    Defendants and the Company had a confidential relationship in that the Company justifiably believed that the Defendants would act in its best interest.  Specifically, Defendants owed a duty imposed by law and also a fiduciary duty to the Company to collect the Tax Monies Due and Owing to the Company.  In connection with that duty, Defendants received money belonging to the Company that they would be unjustly enriched in retaining even if it they had obtained it honestly, which they did not.

**ANSWER**      Concurrent   with   the   Expedia   Defendants'   Answer   and   Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's constructive trust claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 148 of the Complaint relating to Plaintiff's constructive trust claim.  To the extent the Expedia Defendants are required to respond to Paragraph 148 of the Complaint, the Expedia Defendants deny the averments in Paragraph 148 of the Complaint.

149.    By virtue of Defendants' actions, Defendants hold the Tax Monies Due and Owing as constructive trustee for the benefit of the Company.  The Company requests an order that Defendants be directed to give possession thereof to the Company.

**ANSWER**      Concurrent   with   the   Expedia   Defendants'   Answer   and   Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's constructive trust claim.  Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 149 of the Complaint relating to Plaintiff's constructive trust claim.  To the extent the Expedia Defendants are required to respond to Paragraph 149 of the Complaint, the Expedia Defendants deny the averments in Paragraph 149 of the Complaint.

## COUNT IX: DAMAGES

150.    The Company incorporates each of the above allegations by reference as if fully rewritten herein.

**ANSWER**     The Expedia Defendants incorporate each of their answers and responses to Paragraphs 1 through 149 of the Complaint.

151.     The Company requests that the Court order Defendants to provide restitution to it and to disgorge the Tax Monies Due and Owing to the Company.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's damages claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 151 of the Complaint relating to Plaintiff's damages claim.   To the extent the Expedia Defendants are required to respond to Paragraph 151 of the Complaint, the Expedia Defendants deny the averments in Paragraph 151 of the Complaint.

152.     Under Puerto Rico law, the Company is entitled to interest and penalties on the unpaid and underpaid Room Tax.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's damages claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 152 of the Complaint relating to Plaintiff's damages claim.   To the extent the Expedia Defendants are required to respond to Paragraph 152 of the Complaint, the Expedia Defendants deny the averments in Paragraph 152 of the Complaint.

153.     The Company requests that it recover all penalties, interest, costs and reasonable and necessary attorneys' fees it is entitled to under the law and in equity.

**ANSWER**     Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's damages claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 153 of the Complaint relating to Plaintiff's damages claim.   To the extent the Expedia

Defendants are required to respond to Paragraph 153 of the Complaint, the Expedia Defendants deny the averments in Paragraph 153 of the Complaint.

154.    The Company requests both prejudgment and post- judgment interest at the maximum rate allowed by law.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's damages claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 154 of the Complaint relating to Plaintiff's damages claim.   To the extent the Expedia Defendants are required to respond to Paragraph 154 of the Complaint, the Expedia Defendants deny the averments in Paragraph 154 of the Complaint.

155.    The Company requests damages pursuant Article 1802 of the Puerto Rico Civil Code.

**ANSWER**    Concurrent with the Expedia Defendants' Answer and Affirmative Defenses, the Expedia Defendants have filed a Motion to Dismiss Plaintiff's damages claim. Accordingly, the Expedia Defendants are not required to respond to the averments in Paragraph 155 of the Complaint relating to Plaintiff's damages claim.   To the extent the Expedia Defendants are required to respond to Paragraph 155 of the Complaint, the Expedia Defendants deny the averments in Paragraph 155 of the Complaint.

## DEMAND FOR JURY TRIAL

156.    The Company demands that this action be tried by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of any issue triable by right by a jury.

**ANSWER**    The Expedia Defendants admit that Plaintiff requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## ANSWER TO "PRAYER FOR RELIEF"

The Expedia Defendants admit that Plaintiff requests the relief set forth in its Prayer for Relief, but deny that the Plaintiff is entitled to any such relief.

*      *      *      *

WHEREFORE, further answering each and every paragraph of the Complaint, Defendants deny any and all allegations not specifically admitted above, and deny that Plaintiff is entitled to any relief, and that instead the Expedia Defendants be awarded judgment in their favor, plus costs and attorneys' fees.  Defendants hereby demand a trial by jury on all issues so triable.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

The Expedia Defendants, without altering the applicable burdens of proof, assert the following defenses to the claims for relief averred in the Complaint.

### First Defense
### (Failure to State a Claim)

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense
### (Failure to Assess Tax and Exhaust Administrative Remedies)

2.      Plaintiff's failures to provide notice of its stated views that the Code at issue applies to the Expedia Defendants or to pursue administrative remedies (including, without limitation, by issuing a proposed or final tax assessment and pursuing an assessment process) prior to filing this lawsuit bars Plaintiff from pursuing or obtaining any of the relief sought in the Complaint, including retroactive application of Plaintiff's new interpretations of the Code, as Plaintiff has accordingly waived and/or should be stopped from asserting such rights.

51

**Third Defense**
**(Unconstitutional under U.S. and Puerto Rico Constitutions)**

3.     Imposing liability on the Expedia Defendants will require expanding the scope of the Code beyond its constitutional limits under the United States Constitution, the "Uniformity Clause" of the Puerto Rico Constitution, the wording and underlying intent of the applicable ordinances, and any reasonable reading of the applicable ordinances.  *See Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972); PR. Const., Art VI, § 3.

**Fourth Defense**
**(Misjoinder)**

4.     There is a misjoinder of defendants, each which has engaged in separate, independent business transactions, and each of whom has a separate and independent business model, although none of them owns or operates hotels, lodgings, or accommodations within Plaintiff's jurisdictional limits.

**Fifth Defense**
**(No Standing)**

5.     Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

**Sixth Defense**
**(Due Process Clauses)**

6.     The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution prohibits Plaintiff from seeking to subject the Expedia Defendants to registration, reporting, collecting, and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances.  *See, e.g.*, *Grayned*, 408 U.S. at 108-09.

DLI-6485059

**Seventh Defense**
**(Adequate Remedy at Law)**

7.      To the extent the Complaint seeks equitable relief against the Expedia Defendants, such claims are barred because Plaintiff has adequate remedies at law.

**Eighth Defense**
**(Estoppel)**

8.      Some or all of the claims asserted by Plaintiff are barred by estoppel because Plaintiff has known about the Expedia Defendants' reservation facilitation services for many years; Plaintiff has consciously not sought payment of tax from the Expedia Defendants until the filing of this Complaint; and the Expedia Defendants relied on Plaintiff's representation that the Expedia Defendants were not subject to tax to their detriment.

**Ninth Defense**
**(Conduct Reasonable and Justified)**

9.      The Expedia Defendants' conduct was at all times reasonable, privileged, and justified.

**Tenth Defense**
**(Waiver/Consent)**

10.      Through its own conduct and inaction, Plaintiff has consented to or waived any right to object to the Expedia Defendants allegedly facilitating hotel room reservations without collecting or remitting the taxes purportedly at issue in this case because Plaintiff has known about the Expedia Defendants reservation facilitation services for many years and has consciously not sought payment of the tax at issue in this case from the Expedia Defendants until the filing of this Complaint.

**Eleventh Defense**
**(Internet Tax Freedom Act)**

11.     Plaintiff cannot enforce or collect the tax at issue from the Expedia Defendants because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 et seq., and the Supremacy Clause of the United States Constitution.  The Internet Tax Freedom Act forbids a state or political subdivision of a state, such as Plaintiff, from imposing multiple or discriminatory taxes on electronic commerce.  Even if the Court should find that additional taxes are owed to Plaintiff, collecting or enforcing such taxes against the Expedia Defendants would violate the Internet Tax Freedom Act because, on information and belief, no such taxes are collected or enforced against traditional travel agents, travel wholesalers, travel aggregators, travel packagers or other traditional "brick and mortar" travel service providers located in Plaintiff's taxing jurisdictions that use the same business model and offer the same services to customers as the Expedia Defendants.

**Twelfth Defense**
**(Limitations/Laches)**

12.     Some or all of the claims asserted by Plaintiff, including the damages being sought, are barred by the applicable statutes of limitation and repose.  Any claims asserted under Article 1802 of the Puerto Rico Civil Code are subject to a one year statute of limitations.  The doctrine of laches also bars Plaintiff's claims because Plaintiff has known about the Expedia Defendants' reservation facilitation services for many years and has consciously not sought payment of the tax at issue in this case from the Expedia Defendants until the filing of this Complaint.

**Thirteenth Defense**
**(Double Taxation)**

13.     Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by applicable law.

**Fourteenth Defense**
**(Punitive Damages Claim Unconstitutional and Barred Under Puerto Rico Law)**

14.     Any purported claim for punitive damages or for penalties (including statutory penalties or interest) violates the Due Process and Equal Protection Clauses of the United States Constitution, Amend. XIV and the Puerto Rico Constitution, Art. II, § 7.  Under Puerto Rico law, Punitive Damages are barred.

**Fifteenth Defense**
**(No Attorneys' Fees)**

15.     Any request by Plaintiff for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

**Sixteenth Defense**
**(Doctrine of Unclean Hands)**

16.     Plaintiff's inconsistent enforcement of the taxes at issue has denied the Expedia Defendants the equal protection of the laws guaranteed to them by the United States and Puerto Rico Constitutions.  U.S. CONST. amend. XIV, § 1; PR. Const. Art. II, § 7.  As applied by Plaintiff, the taxes at issue classify the Expedia Defendants differently than brick-and-mortar travel intermediaries providing similar services.  Plaintiff's claims are also barred by the doctrine of unclean hands and/or because it has acted inequitably in its application and enforcement of the taxes.

DLI-6485059

**Seventeenth Defense**
**(Commerce Clause)**

17.     The Expedia Defendants are out-of-territory companies. The Expedia Defendants facilitate reservations from outside of Puerto Rico. The Expedia Defendants' hotel reservation facilitation services occur outside of Puerto Rico, and thus the Plaintiff does not have the power to tax the transaction. Furthermore, the taxes Plaintiff seeks to impose are not fairly apportioned, discriminate against interstate commerce, and are not fairly related to the services provided by the Expedia Defendants. Moreover, neither the Expedia Defendants nor the services Plaintiff seeks to tax have a sufficient nexus with Puerto Rico for Plaintiff to impose a tax or tax collection obligation on the Expedia Defendants. Accordingly, Plaintiff is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, from seeking to impose on the Expedia Defendants the obligation to collect and remit accommodations taxes. *See, e.g., Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

The Expedia Defendants' investigation of Plaintiff's averments and defenses thereto is continuing; the Expedia Defendants reserve the right to supplement or amend these defenses.

## PRAYER

WHEREFORE, the Expedia Defendants pray for judgment as follows:

1.     That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2.     That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of the Expedia Defendants and against Plaintiff;

3.     That the Expedia Defendants be awarded their attorneys' fees and costs incurred herein; and

4.      For such other and further relief as the Court deems just and proper.


Dated:  June 20, 2014                      Respectfully submitted,


McCONNELL VALDÉS LLC
ATTORNEYS FOR DEFENDANTS
Orbitz, LLC; Trip Network, Inc. (d/b/a
Cheaptickets.com); Internetworking Publishing Corp.
(d/b/a/ lodging.com)
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com


s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com


s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the above date, this paper was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

McCONNELL VALDÉS LLC

ATTORNEYS FOR DEFENDANTS
Orbitz, LLC; Trip Network, Inc. (d/b/a
Cheaptickets.com); Internetworking Publishing Corp.
(d/b/a/ lodging.com)
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com

s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com

s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com

DLI-6485059