IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TOURISM COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRIP NETWORK,INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRAVELOCITY.COM LP,SITE59.COM LLC, DOES 1 THROUGH 1000, INCLUSIVE,<br><br>Defendants. | **Civil No. 14-cv-01318 (JAF)** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants' Partial Motion to Dismiss ("Motion" or "Mot.") establishes that the Plaintiff's claims for Room Tax prior to March 1, 2004 and all of the common law and equitable claims are due to be dismissed. Plaintiff's Response to Defendants' Partial Motion to Dismiss ("Response" or "Resp.") does not address several of the arguments Defendants' advance in their Motion, fails to rebut much of Defendants' case law, often attempts to rebut Defendants' argument by relying on case law from other jurisdictions that has no controlling or persuasive effect on this Court, and makes unsupported attacks on Defendants' credibility.[1] The Motion is due to be granted.

First, Plaintiff does not rebut the argument that, as a matter of law, it is not entitled to any relief for the period of time prior to March 1, 2004, the Room Tax's effective date. Second, the Response does not address the argument that all of Plaintiff's claims, other than Count III, stem from Defendants' alleged conduct concerning the Room Tax. The Room Tax statute itself provides the sole remedy for any allegedly unpaid Room Taxes, and its statutory remedy is the exclusive remedy for any breach of that right. Third, even if the Room Tax did not establish the sole remedy, the Response insufficiently refutes Defendants' argument that dismissal of Plaintiff's claims is proper because the claims fail to state a claim upon which relief can be granted.

## I. PLAINTIFF LACKS TAXING AUTHORITY AND STANDING TO IMPOSE, COLLECT, OR RECOVER THE ROOM TAX PRIOR TO MARCH 1, 2004

Defendants challenge Plaintiff's authority to levy, collect, and enforce the Room Tax prior to March 1, 2004. (Mot. 4.) Rather than respond to Defendants' argument, Plaintiff seeks to rebut

---

[1] For example, Plaintiff claims that "at least 33 courts have denied (in whole or in part) the OTCS' attempts to dismiss similar cases at this stage." (Resp. 1-2.) Yet in the very first case that Plaintiff cites for this proposition, *New Hampshire v. Priceline.com, Inc.*, the court dismissed the plaintiff's claims for breach of fiduciary duty, accounting, conversion, unjust enrichment, assumpsit, civil conspiracy, and imposition of a constructive trust. *New Hampshire v. Priceline.com, Inc.*, No. 2013-CV-00613 (Merrimack Co. Super. Ct., N.F. Jun. 27, 2014; *reh'g denied* July 25, 2014); (Resp. 2 n. 3.) The court also denied the taxing authority's motion for reconsideration, adopting (again) many of the same arguments that Defendants make in their Motion to this Court. The same is true of another recent case, *Village of Bedford Park, et al., v. Expedia, Inc. (WA), et al.*, No. 13-C-5633, at *6 (N.D. Ill. Mar. 13, 2014.) There, the federal district court likewise dismissed all of the taxing authorities' common law claims and determined that the tax ordinance in question provided the exclusive remedy for relief, if any. *Id.* (rejecting plaintiffs' citation to the *City of Chicago* decision, stating "it is unclear whether the [*City of Chicago*] case considered or addressed the [Defendants' exclusivity argument].")

an argument that Defendants are not making—that *Plaintiff* did not *exist* prior to 2004. (Resp. 7.) To be clear, Defendants do not question that Plaintiff itself existed prior to 2004. Rather, Defendants maintain that Plaintiff has no authority to enforce the 1994 Tax. A plain reading of the Room Tax Act shows that it repealed and replaced the 1994 Tax. As Plaintiff concedes, the definition of "tax" under the Room Tax Act expressly provides that the tax to which it refers is the tax imposed under the Room Tax Act alone. (Resp. 9) ("The definition of 'Tax' in the Act confirms… [that]: '***Tax***—means the ***Tax*** set forth in Article 24 of this Act unless otherwise provided in this Act.'")

The Room Tax Act does not provide that the Room Tax shall also include the tax imposed under Section 2051 of the Puerto Rico Revenue Code of 1994 or any other act. Nor does the Room Tax Act purport to be equivalent to, or the same as, the 1994 Tax. Instead, the Room Tax Act provides that the Room Tax shall be that calculated under Article 24 of the Room Tax Act, which, importantly, is not even a provision of the 1994 Tax.[2] The 1994 Tax and the Room Tax are two separate and distinct taxes that—although imposed on the same activity—are enacted in such a way that the later substitutes the former. Plaintiff has cited no authority that would allow it to enforce the 1994 Tax, or that would allow it to apply the Room Tax to any transactions that took place prior to the effective date of March 1, 2004. Accordingly, the Court should dismiss claims for Room Tax prior to March 1, 2004.

## II. PLAINTIFF'S COMMON LAW AND EQUITABLE CLAIMS MUST BE DISMISSED BECAUSE THE ROOM TAX PROVIDES PLAINTIFF'S <u>EXCLUSIVE REMEDY</u>

Where a statute both creates a right and provides a remedy for the statute's enforcement and a plaintiff fails to plead conduct not covered by the statute, the remedy prescribed in the statute is

---

[2] Article 24 defines the Tax as "the mathematical calculation resulting from the multiplication of the rate provided in subarticle (b) of this Article, by the room occupancy rate and the period of room occupancy." *See*, Article 24 Act 272-2003 (codified in 13 P.R. Laws Ann. tit. § 2271.)

exclusive.  *Miranda v. IPR Pharmaceuticals*, No. 10-2238(JAF), 2011 WL 5977813, at *4 (D.P.R. Nov. 29, 2011) (J. Fusté); (Mot. 6.)  Plaintiff has not cited any law to the contrary from the First Circuit or the District of Puerto Rico.

Plaintiff's reliance on the wrongly decided *City of Chicago* case is inapplicable for at least two reasons.  (Resp. 10-11.)  First, the *City of Chicago* court relied on specific language from the Chicago ordinance to conclude that the equitable claims were not barred by the statutory relief set forth by the ordinance.  (Resp. Ex. 19 at 9; Resp. Ex. 20 at 9) (*citing* Chicago Municipal Code § 3-4-335(F).)  Second, while Plaintiff attempts to draw comparisons between the Chicago ordinance and the Room Tax, the Plaintiff's referenced sections of the Room Tax *do not* create additional remedies.  (Resp. 11 n. 47-50.)  Those sections merely state the unremarkable fact that Plaintiff is not precluded from taking legal action, or seeking legal remedies, to enforce the Room Tax.  *See, e.g.*, P.R. Laws Ann. tit. §2271i ("…other additional action *authorized by this chapter or the regulations approved thereunder*."); P.R. Laws Ann. tit. §2271c(b) ("… any legal proceedings necessary for the collection *of the tax*."); P.R. Laws Ann. tit. §671d(y) ("Introduce *any legal remedies* to make the purposes of this chapter effective" (emphasis added).)  None of these provisions authorizes Plaintiff to splinter its statutory claim into multiple common law theories.

Plaintiff's contention that it is free to plead in the alternative both its common law and equitable claims is equally without merit.  Puerto Rican law is clear that common law and equitable claims are only "supplementary" to special legislation such as the Room Tax.  *Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (concluding that a party cannot claim remedies under Article 1802 where "it is axiomatic that it is [the special legislation] and not Article 1802 [or other common law or equitable claims] that apply" to the facts and circumstances at issue); (Mot. 6.)  Plaintiff's non-statutory claims should be dismissed.

## III. EVEN IF THE ROOM TAX STATUTE DID NOT PROVIDE THE EXCLUSIVE REMEDY, PLAINTIFF'S CLAIMS SHOULD STILL BE DISMISSED

Even if Plaintiff's non-statutory claims were permissible in spite of the statutory remedy, Defendants demonstrated those claims still should be dismissed for failure to state a claim upon which relief can be granted. (Mot. 8.) Plaintiff has not rebutted these arguments.

### A. Count I (Declaratory Judgment) Fails Because the Statutory Claim for Room Taxes Provides the Relief Plaintiff Seeks

The Declaratory Judgment Act does not create a new right but rather provides a remedy with which to adjudicate existing rights, and in order for a court to assert its declaratory judgment jurisdiction, it must address "whether a plaintiff's other substantive claims will afford relief." *Caribbean Atlantic Airlines, Inc. v. Leeward Islands Air Transport*, 269 F. Supp. 231, 235 (D.P.R. 1967); (Mot. 8-9.) Plaintiff's Room Tax claim (Count III), if successful, would provide all the relief that Plaintiff seeks through its separate request for declaratory relief in Count I. (Mot. 9.) Therefore, Plaintiff's claim for declaratory relief is unnecessary and improper.[3]

Plaintiff does not respond to or even acknowledge *Caribbean* but instead cites to Puerto Rico Rule of Civil Procedure 59.1. (Resp. 14 n. 64.) Yet Rule 59.1 has no application here because the Declaratory Judgment Act is procedural in nature and creates no substantive rights. *See Hoyos v. Telecorp Comm., Inc.*, 488 F.3d 1, 5 (1st Cir. 2007); *Kolker v. Hurwitz*, No. 09-1895(JP), 2011 WL 292264, at *4 (D.P.R. Jan. 31, 2011); (Mot. 8 n. 3.) The Court should therefore apply the federal Declaratory Judgment Act to the instant action and dismiss Count I.

---

[3] Plaintiff's contention that "Count III only involves the OTCs' past failures to pay," and not the prospective relief that would be afforded by a declaratory judgment, is belied by Plaintiff's own allegations. (Resp. 15.) In Count III, Plaintiff makes clear that its statutory claim for Room Tax, if successful, will govern Defendants' conduct in the present and future. *E.g.* ¶ 111 ("Accordingly, the amount of the Room Tax on hotel rooms sold/rented in Puerto Rico should be correctly calculated as a percentage of the gross amount each consumer pays to Defendants for a hotel room. And that is the amount each Defendant is required to collect and remit.")

### B. Count II (Injunction) Fails Because the Complaint Does Not Allege that Money Damages are Inadequate

Plaintiff's Injunction Count fails because Plaintiff fails to allege: (1) the absence of an adequate legal remedy; and (2) that Plaintiff will be irreparably harmed. *See Nogueras Cartagena v. María Calderón,* 150 F. Supp. 2d 338, 342 (D.P.R. 2001) (describing elements for an injunction); (Mot. 10-11.)

The Response fails to explain away this deficiency. (Resp. 3, 4, 5, 16.) Plaintiff's reference to Complaint paragraph 129 ("there is no adequate remedy at law") is unavailing because this quotation is located in an allegation in support of *Count IV* (tort), not Count II (injunction). (Resp. 4, 16.) Nor is paragraph 129 incorporated into Count II's allegations. Perhaps more importantly, these bare-bones legal conclusions, lacking supporting factual allegations that would be sufficient to show irreparable injury, are insufficient to defeat a motion to dismiss. *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (affirming district court's dismissal of claim under section 1983 where complaint did nothing more that "parro[t] [the] standard for supervisory liability.")

Additionally, Plaintiff incorrectly argues that Defendants somehow concede that the Tax Count will likely succeed on the merits simply because Defendants' did not seek to dismiss that count. That is nonsense. Whether a plaintiff may have pleaded facts, that when assumed to be true, are considered likely to survive a motion to dismiss has nothing to do with whether the plaintiff has shown a likelihood of success on the actual merits of the case. (Mot. 3 n. 2.) Even if the Court assumes that Plaintiff had "provided enough in [its] Complaint [on Count III] to establish that it will likely succeed on the merits,"—which it did not—such an argument would be confined to Count III and inapplicable to Count II. *Porto Rico Tel. Co. v. Puerto Rico Communications Authority*, 89 F.Supp. 922, 924 (D.P.R. 1950) (under Puerto Rico law, injunctive relief is an "extraordinary remedy.")

### C. Plaintiff Improperly Attempts to Assert Count IV (Negligence) Under Article 1802

#### 1. Article 1802 Claims Are Subject to a One-Year Statute of Limitations

A claim under Article 1802 of the Puerto Rico Civil Code is subject to a one year statute of limitations. P.R. Laws Ann. tit. 31 § 5298; *Vazquez Vazquez v. Checkpoint Systems of Puerto Rico, Inc.*, 609 F. Supp. 2d 217, 222 (D.P.R. 2009); (Mot. 12.) Plaintiff does not dispute this but instead argues that its pleadings are sufficient to show that Plaintiff only recently learned of its alleged injury by Defendants.[4]

Plaintiff offers a highly distorted view of its own Complaint because nothing in the Complaint suggests that Plaintiff only recently learned of Defendants. Just the opposite is true. Plaintiff affirmatively alleges the OTCs are "out-of-state companies soliciting and doing business in Puerto Rico"; that Defendants are "partner[s] or associate[s] with Puerto Rico hotels"; that "[a]ll Defendants regularly transact business within and profit by virtue of business within Puerto Rico"; that "the Room Tax remitted to Puerto Rico by Defendants" is less than it should be; that "[T]he Company and the general public are led to believe Defendants are remitting the correct amount of Room Tax"; and that "Defendants are agents for the Company and the Commonwealth of Puerto Rico as hoteliers." (Compl. ¶¶ 7, 8, 29, 37, 44 and 45.) Plaintiff submits seven paragraphs of allegations discussing Defendants' SEC statements and "public filings" dating back to 2001, (*Id.* at ¶¶ 58, 62-67), and another four paragraphs describing public litigation against Defendants dating back to 2007. (*Id.* at ¶¶ 85-88.) All of which culminates in Plaintiff's allegation, "[a]s shown in

---

[4] Plaintiff seems to suggest the statute of limitations does not begin to run until a party knows all the exact details of its claim. Plaintiff's case law does not support its position. In *Rodriguez-Suris v. Montesinos*, the court stated that notice of an injury occurs when an aggrieved party "may become aware and realize that he or she has suffered an injurious aftereffect." 123 F.3d 10, 13 (1st Cir. 1997). The "full scope and extent" of the damage need not be known in order for the damage to be known to the aggrieved party. *Id.* Here, the examples on Response page 17 support the *Rodriguez-Suris* holding that while Plaintiff may not know the full extent of any potential damages—which there are none—the fact that any potential damages are not fully known does not stall the one year statute of limitations for Plaintiff's negligence claim under Article 1802. *See, e.g., Colón Prieto v. Géigel*, 15 P.R. Offic. Trans. 313 (1984) (statute of limitations "runs out after one year from the moment the aggrieved person had knowledge thereof; and *could have brought the action*") (emphasis in original.)

their public statements and as alleged herein, the Defendants are engaged in the business of selling/renting hotel rooms in Puerto Rico." (*Id.* at ¶ 111.)  These allegations defeat Plaintiff's current position that it "did not know its injury or its author."

        2.      <u>The Article 1802 Claim Should Be Dismissed Because It Is Not Independent of the Statutory Claim for Room Tax</u>

Defendants also demonstrated that Plaintiff's negligence claim should be dismissed because it is entirely dependent upon Plaintiff's statutory claim for Room Tax, deeming it barred under Puerto Rico law.  *See Rivera-Cartagena v. Wal-Mart Puerto Rico, Inc.,* 767 F. Supp. 2d 310, 320 (D.P.R. 2011); (Mot. 12.)  The Response contends that Plaintiff's negligence claim "fall[s] outside the Room Tax statute" but then cites to Complaint allegations that directly tie the alleged negligence to the Room Tax statute.  (Resp. 18 n. 80) (*citing* Compl. ¶ 117 ("[t]hrough contracts with hotels and accommodations, Defendants have elected to collect the Room Tax"); ¶ 119 ("Defendants chose to collect the Room Tax online"); ¶ 120 ("[b]y collecting the Room Tax online"); ¶ 121 ("[m]oreover, by collecting the Room Tax online"); ¶ 122 ("Defendants' choice to collect the Room Tax online"); ¶123 ("Defendants' choice to collect the Room Tax online.").)  Under Plaintiff's own allegations, but for the Room Tax statute, Defendants have no duty to collect or remit the Room Tax.

        3.      <u>The Allegations, Even if Accepted as True, Do Not Establish a Duty Owed by Defendants to Plaintiff</u>

Plaintiff failed to allege any duty between Defendants and Plaintiff upon which to base its negligence claim, which is required under Article 1802 and Puerto Rico law.  *Garcia-Rivera v. Allison,* No. 04-1757(PG), 2006 WL 2261065, at *4 (D.P.R. Aug. 7, 2006); (Mot. 19.)  Plaintiff claims that "the OTCs have a contractual duty and …have voluntarily undertaken a duty to remit taxes."  (Resp. 19.)  Yet Plaintiff's reliance on Complaint Exhibits A-D fails because these exhibits govern conduct between OTCs and their customers.  Plaintiff fails to reference any language in

Complaint Exhibits A-D that references Plaintiff, the Room Tax, or any contractual agreement between Defendants and Plaintiff—or between Defendants and hotels—at the time a customer books a hotel room.[5]

### D. Counts V and VIII (Unjust Enrichment and Constructive Trust) Fail Because a Statute Governs the Parties' Conduct and Because Plaintiff Fails to Allege the Necessary Elements

A claim for unjust enrichment is viable only when there is no statute applicable to the case at issue. *Westernbank Puerto Rico v. Kachkar*, No. 07-1606, 2009 WL 6337949, at *29 (D.P.R. Dec. 10, 2009); *adopted by Westernbank Puerto Rico v. Kachkar*, No. 07-1606, 2010 WL 1416521, at *1 (D.P.R. Mar. 31, 2010); (Mot. 14.) Plaintiff does not directly dispute *Westernbank's* holding but instead tries to argue that *Westernbank* does not say that "when a statute does apply it cannot resort to equity." (Resp. 20.) The argument thus ignores *Westernbank's* conclusion that "[s]ince several statutes are applicable to the case at issue, ***the doctrine of unjust enrichment is precluded***." *Westernbank Puerto Rico,* 2009 WL 6337949, at *29 (emphasis added.) Similarly, Plaintiff's citations to *Mississippi v. Priceline.com, et al*., No. G2011-2211 O/3 (Chanc. Ct. Hinds Co., Miss. Sept. 20, 2012) and *Cwlth. Of Ky. v. Expedia, Inc.*, No. 13-CI-00828 (Franklin Cir. Court, Ky. Jan. 16, 2014) are inapplicable and irrelevant. Neither case, of course, addressed Article 7 of the Puerto Rico Civil Code.[6]

Since Count VIII (Constructive Trust) rests on the viability of Plaintiff's unjust enrichment claim, as articulated above in both Section III (D) and Section II, as well as Defendants' Motion (Mot. 18), Plaintiff's claim for constructive trust fails along with unjust enrichment. *See*

---

[5] Plaintiff's citation to *Nieves Domenech v. Dymax Corp*., 952 F.Supp. 57, 66 (D.P.R. 1996), actually supports Defendants' argument that no Section 1802 claim exists independent of a statutory claim. *Nieves Domenech* granted the defendant's motion for summary judgment on plaintiff's Article 1802 claim because "there can be no Article 1802 claim based on the breach of contract claim." *Id*.

[6] In response to Defendants argument that Plaintiff has failed to allege a connection between its "impoverishment" and Defendants' alleged "enrichment," Plaintiff refers the Court to "Example Three" set forth in an earlier section of the Response. (Resp. 20.) Yet, as explained *supra* at 5, allegations that merely parrot the standard for a cause of action are insufficient to avoid dismissal. *Sanchez*, 590 F.3d at 49.

*Corporacion Insular de Seguros v. Reyes-Munoz*, 849 F.Supp. 126, 135 (D.P.R. 1994) ("imposition of a constructive trust is the ***appropriate remedy for unjust enrichment***") (emphasis added.)

### E. Count VI (Conversion) Fails Because Plaintiff Has Not Alleged Any Facts to Support a Finding That Defendants Acted with the Requisite Intent

To support its conversion claim, Plaintiff attempts to rely on *García Pagán v. Shiley*, 22 P.R. Offic. Trans. 183 (1988) (involving a claim under Puerto Rico Act No. 100 for employment discrimination and sexual harassment) and *Muriel v. Suazo*, 72 DPR 370 (1951) (involving a claim under the Civil Rights Act of Puerto Rico, Law No. 131), (Resp. 21), but neither of those cases even involved a claim for conversion or Article 1802 of the Puerto Rico Civil Code.[7]

Plaintiff's next argument—that it "repeatedly pled in the Complaint that the OTCs' wrongdoing" "deprived Plaintiff of its money and property"— lacks support. (Resp. 21.) The allegations that Plaintiff cites in many instances are unrelated to Plaintiff's conversion claim or fail to allege the requisite intent on the part of Defendants to withhold monies that were rightfully Plaintiff's. (Resp. 21) (*citing* "The [OTCs] developed an 'opaque' scheme.") Even those few "examples" that do arguably relate to conversion or intent, (*e.g.* "[The OTCs] developed intentionally misleading tax practices;" "[t]his Action seeks to address a direct and intentional violation and evasion;" "[the OTCs] intentionally exercised dominion and control over the Tax Monies Due and Owing"), merely (and improperly) parrot the elements for a conversion claim and are insufficient to defeat a motion to dismiss. *Sanchez*, 590 F.3d at 49.

Tellingly, Plaintiff fails entirely to respond to or even acknowledge Defendants' argument that the conversion claim also fails because it is based entirely on Plaintiff's statutory claim. *Wal-Mart Puerto Rico, Inc.*, 767 F. Supp. 2d at 320 (a claim under Article 1802 is only permitted when

---

[7] As articulated above in Section III(C)(1), Plaintiff's argument that its Article 1802 claims are not subject to the Puerto Rico one year statute of limitations fails.

- 9 -

it is based on "tortious or negligent conduct distinct from that covered by the specific law(s) invoked," or when it has an independent basis to support it); (Mot. 16 n. 7.)

### F.     Counts VII and XI (Assumpsit for Money Had and Received and Damages) Fail Because Puerto Rico is a Civil Law Jurisdiction

Plaintiff argues that its claim for assumpsit is viable under common law.  (Resp. 22.) Plaintiff, however, fails to acknowledge that "when it comes to private law disputes, Puerto Rico is a civil-law jurisdiction, ruled by a Civil Code derived from Spain."  *Mateo v. Empire Gas Co., Inc.*, 841 F.Supp.2d 574, 582 (D.P.R. 2012) (applying Civil law and the Puerto Rico Civil Code in a private dispute in federal court based on diversity jurisdiction).  Thus, Plaintiff's argument that its assumpsit claim is based on common law fails.[8]

## CONCLUSION

For the reasons set forth above and in Defendants' opening brief, the Court should award Defendants the relief it seeks in the Motion.

Respectfully submitted.

---

[8] This same argument applies to Count IX (Damages).  Plaintiff's Complaint failed to provide Defendants with sufficient notice as to whether it pled its claim for damages under common law or the Puerto Rico Civil Code.  Additionally, damages are a legal remedy under Puerto Rico law, not an independent cause of action.  In response, Plaintiff attempts to refer this Court to its argument that the Room Tax is not an exclusive remedy.  (Resp. 23.) Regardless of whether Plaintiff is entitled to additional remedies beyond the Room Tax—which it is not—the Response fails to address or supply any legal authority that rebuts Defendants' showing that "damages" is not an independent cause of action and thus should be dismissed.  (Mot. at 18.)

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 7, 2014, I electronically filed the foregoing Reply in Support of the Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

| | |
|---|---|
| **José A. Andréu Fuentes**<br>Bufette Andréu & Sagardía<br>261 Ave. Domenech<br>San Juan, PR 00918-3518<br>Phone: (787) 754-1777<br>jaf@andreu-sagardia.com | **John W. Crongeyer**<br>**William Q. Bird**<br>**Kristen L. Beightol**<br>CRONGEYER LAW FIRM<br>Bird Law Group, P.C.<br>2170 Defoor Hills Rd, NW<br>Atlanta, GA 30318<br>Phone: (404) 542-6205<br>jwc@birdlawgroup.com<br>wqb@birdlawgroup.com<br>klb@birdlawgroup.com |
| **Angel Rotger-Sabat**<br>**Ramón Coto-Ojeda**<br>Coto & Associates<br>MCS Plaza Suite 800<br>255 Ponce De Leon Ave.<br>Hato Rey, Puerto Rico 00917<br>P.O. Box 71449<br>San Juan, Puerto Rico 00936-8549<br>Phone: (787) 756-9640<br>Ars@cmtplaw.com<br>rco@cmtplaw.com | **Robert K. Finnell**<br>The Finnell Firm<br>One West Fourth Avenue<br>Suite 200<br>P.O. Box 63<br>Rome, GA 30162<br>Phone: (706) 235-7272<br>bob@finnellfirm.com |

Dated:  August 7, 2014

McCONNELL VALDÉS LLC
ATTORNEYS FOR ALL DEFENDANTS
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com

s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com

s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com
