UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PUERTO RICO TOURISM COMPANY,

    Plaintiff,

v.

PRICELINE.COM INCORPORATED, et al.,

    Defendants.

Civil No. 3:14-cv-01318 (JAF)

**OPINION AND ORDER**

**I.**

**Introduction**

This matter is before the court on Defendants' partial motion to dismiss Plaintiff Puerto Rico Tourism Company's (the "Company") complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed June 20, 2014. (Docket No. 26.) The Company opposed the motion on July 21, 2014. (Docket No. 44.) Defendants then filed a reply in support of their motion on August 7, 2014. (Docket No. 50.) The matter is fully briefed and ripe for review.

The Company seeks damages beginning in 1999 for its claims against Priceline.com Incorporated,[1] Travelweb, LLC, Trip Network, Inc., Orbitz, LLC, Internetwork Publishing Corp. (d/b/a Lodging.com), Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., Egencia, LLC, Travelocity.com, LP, Site59.com, LLC, and Does 1 through 1000. (Hereinafter referred to collectively as the "Defendants.") The Company

---

[1] Upon the request of Defendant Priceline.com, Incorporated (n/k/a The Priceline Group Inc.) the court joined priceline.com LLC as a defendant in this action. (Docket No. 55.) Upon representation, priceline.com LLC assumed former operations relating to merchant model hotel business for priceline.com Incorporated on April 1, 2014. (Docket No. 54.) The Priceline Group Inc. is the sole member of priceline.com LLC. (Docket No. 54.) The Priceline Group Inc. and priceline.com LLC will be referred to collectively as "Priceline."

alleges that Defendants violated P.R. Laws Ann. tit. 23, § 671d(e), and P.R. Laws Ann. tit. 13, § 2271w, (hereinafter "Puerto Rico's Room Tax Code" or the "Code"), by collecting taxes from customers who book using Defendants' online travel sites, but failing to pay Puerto Rico the full payment of the taxes collected.  The Company also brings claims against the Defendants for: (1) declaratory judgment, (2) injunctive relief, (3) tort action for negligence and fault under Article 1802 of the Puerto Rico Civil Code, (4) violation of Article 1042 of the Puerto Rico Civil Code, (5) unjust enrichment under Article 7 of the Puerto Rico Civil Code, (6) conversion, (7) assumpsit for money had and received, and (8) imposition of constructive trust.

Defendants moved to dismiss: (1) each of the Company's claims stemming from unpaid or underpaid taxes for the period prior to March 1, 2004; and (2) the Company's claims for declaratory judgment, injunctive relief, negligence, unjust enrichment, conversion, assumpsit, constructive trust, and damages (Claims I, II, IV, V, VI, VII, VIII, and IV) (collectively referred to as the "tag-along claims") for the period after March 1, 2004.  The only claim not a part of the motion to dismiss is the Company's claim for violation of Puerto Rico's Room Tax Law for the period after March 1, 2004.

## II.

## Law and Analysis

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff's complaint survives a motion to dismiss when it alleges sufficient facts to

establish a plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*citing Twombly*, 550 U.S. at 570 (2007)).

Following *Iqbal*, the First Circuit Court of Appeals in *Ocasio-Hernandez v. Fortuno-Burset* set forth a two-pronged approach for a reviewing court to use when resolving a motion to dismiss. 640 F.3d 1, 12 (1st Cir. 2011). First, the court must identify and disregard statements in the complaint which offer "legal conclusion[s] couched as ... fact[ ] or [t]hreadbare recitals of the elements of a cause of action." *Ocasio-Hernandez*, 640 F.3d at 12 (internal quotation marks omitted) (citations omitted). Second, the court must determine whether the remaining factual content, taken as true, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The court must refrain from determining a plaintiff's likelihood of success on the merits; instead, the court must focus on the "reasonableness of the inference of liability" derived from cumulative effect of plaintiff's alleged facts. *Ocasio-Hernandez*, 640 F.3d at 12-13; *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013).

A thorough reading of the Commonwealth of Puerto Rico Room Occupancy Tax Act, 2003 PR H.B. 3820 ("2003 Act"), demonstrates that the 2003 Act's purpose was not to limit the reach of Puerto Rico Tourism Company, rather, it transferred the already existing authority of the Department of Treasury to the Company in order to allow for more oversight, proper collection, and enforcement of Puerto Rico's tourism tax rates. Accordingly, the Company has standing to enforce, investigate, and collect on taxes

owed under the statute, including past-due amounts.  Defendants' motion to dismiss the Company's claims for damages prior to March 1, 2004, is DENIED.

The court notes that the parties devoted much of the briefing to discussing the "tag-along" claims.  Based on the facts alleged by the Company, there appears to be a good probability that this matter will be resolved based on P.R. Laws Ann. tit. 13, §§ 2271 *et seq.*  However, "the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." *Ocasio-Hernandez*, 640 F.3d at 12-13 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955, and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  The Company has adequately pled the tag-along claims, and the court declines the Defendants' invitation to prematurely truncate the Company's pursuit of its claims against the Defendants.

Lastly, we observe that many of the tag-along claims are basically common-law claims filed in a Civil Code jurisdiction.  Many of the common-law figures merge into Civil Code causes of action; however, we will insist that we deal with those under the Civil Code, and not under common law.  P.R. Laws Ann. tit. 31, §§ 1 *et seq.*

## III.

## Conclusion

For the reasons set forth above, Defendants' partial motion to dismiss the Company's complaint (Docket No. 26) is **DENIED**.

This matter is hereby scheduled for an Initial Scheduling Conference pursuant to Fed. R. Civ. P. 16 on **Friday, November 14, 2014, at 1:30 p.m.,** before the undersigned,

in Courtroom 7, U.S. Courthouse, 150 Carlos Chardón Ave., San Juan, Puerto Rico. **Lead counsel with full settlement authority must be present and have calendars available for scheduling.** All counsel are expected to familiarize themselves with the United States District Court for the District of Puerto Rico Local Rules ("LR"), as well as with the Federal Rules of Civil Procedure. Discovery shall be guided by LR 26 and motion practice shall be guided by LR 7.

The general agenda for the Initial Scheduling Conference is set by LR 16(a). It is the responsibility of counsel for Plaintiff(s) to arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f). **A jointly signed report of this planning meeting shall be filed no later than three (3) business days before the Initial Scheduling Conference.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of October, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE