IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TOURISM COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRIP NETWORK,INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRAVELOCITY.COM LP,SITE59.COM LLC, DOES 1 THROUGH 1000, INCLUSIVE,<br><br>Defendants. | **Civil No. 14-cv-01318 (JAF)** |

## OTCs' MOTION TO STRIKE THE COMPANY'S DEMAND FOR A JURY TRIAL

Defendants (the "OTCs") respectfully move to strike the Puerto Rico Tourism Company's ("Company") demand for a jury trial for two primary reasons.

*First,* in the Company's own words, "whether the Defendant [OTCs] are hotel or lodging operators is *a question of law for this Court* based on *its* interpretation of the [Room Tax]." (Dkt. No. 86 ¶ 2) (emphasis added). Thus, the central issue in this lawsuit is one for the Court, not a jury. The Company has repeated this concession in numerous pleadings and representations to this Court, and the Company's counsel has made similar representations to other courts:

- In its Response in Opposition to the OTCs' Statement of Material Facts, the Company confirmed no less than 10 times that the issues presented are ***purely legal***. (Dkt. No. 86 ¶¶ 2, 7, 9, 10, 13, 25; *see also id.* ¶¶ 3-6 (incorporating ¶ 2)).

- In its Amendment to its Summary Judgment Response Brief, the Company removed portions of its expert's amended report so as not to **"detract from the pure issues of law and statutory interpretation at issue…."** (Dkt. No. 97, p. 2).

- During the deposition of the Company's Room Tax Auditor, the Company's counsel repeatedly objected that questions presented to the witness regarding whether the OTCs are "hoteliers" as defined under the Room Tax were improper because ***"ultimately [it] is the determination to be made by the Court."***  (*See* Deposition of Ana Cecilia Catalya Meyer, pp. 30-31, attached as Ex. A).

- The Company's counsel has litigated 15 substantially identical lawsuits around the country regarding the OTCs' nationwide business model in which the same lawyers have repeatedly argued that the issues presented in those lawsuits are not factual, but rather questions of statutory law for the court to decide.  *See, e.g.*, Plaintiff's Brief in Support of Motion for Partial Summary Judgment (Sales Taxes), *Montana Dep't of Rev. v. priceline.com, Inc., et al.*, No. CDV-2010-1056 (Montana First Judicial Dist. Ct., Lewis & Clark Cnty.), attached as Ex. B).

Because this case contains no issue of fact to be determined by a jury, the Company's demand for a jury should be stricken.[1]  Indeed, in 22 cases where the question of whether the OTCs are "operators" of hotels has been presented, each court has determined the issue is proper for determination by the Court without a jury.  *See* Nationwide OTC Cases Construing "Operator Statutes" Chart, attached as Ex. C.

***Second***, neither federal law nor Puerto Rico's law supports the Company's demand for a jury trial in this lawsuit.  The Seventh Amendment provides no right to a jury trial in tax matters of the type at issue in this lawsuit.  *See, e.g., Wickmire v. Reinecke,* 275 U.S. 101, 105-06 (1927) (holding "it is within the undoubted power of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial. . .").  Puerto Rico law has never recognized a right to civil jury trials but rather requires that civil lawsuits be decided by the court without a jury.  *See Mercado v. Superior Court of Puerto Rico, San Juan*

---

[1] On May 15, 2015, the OTCs filed their Motion for Summary Judgment.  (Dkt. No. 71).  The OTCs' motion demonstrated that the Court should enter judgment on behalf of the OTCs because they are not "hoteliers" who operate lodgings.  (*Id.* at pp. 12-14).  The OTCs, while steadfastly confident in their summary judgment motion, are compelled at this juncture to provide the Court notice of this issue, which will likely impact the Court's logistical and resource allocation decisions in advance of the approaching trial date.

*Part*, 1971 A.M.C. 1852, 1855 (1970) (denying plaintiff jury trial because in Puerto Rico "actions of a civil nature are heard and decided…by the court without a jury."). By filing this lawsuit in federal court, rather than the Commonwealth of Puerto Rico court, the Company attempts to secure a trial by jury where one would otherwise not exist. The Company should not be allowed to circumvent the province of this Court to determine the purely legal issues presented in the Complaint.

## ARGUMENT

I. **ONLY A JUDGE, AND NOT A JURY, HAS THE AUTHORITY TO INTERPRET STATUTES AND DECIDE THE PURELY LEGAL ISSUES BEFORE THIS COURT**

    A. **Interpretation of a Statute Presents a Purely Legal Issue For Determination By The Court**

The Company has repeatedly admitted that the dispositive issue before this Court is a legal one relating to the interpretation of the Room Tax statute.[2] Of course, this is exactly why the OTCs submitted this matter for resolution by summary judgment. In the First Circuit, it is well established that "interpretation of a statute presents a purely legal question." *Strickland v. Commissioner, Maine Dept. of Human Services,* 96 F.3d 542, 545 (1st Cir. 1996) (affirming district court's finding on summary judgment). Jurors, as the triers of fact, decide factual issues, while a judge must decide "any purely legal issue." *Roman v. Delgado Altieri*, 371 F. Supp. 2d 7, 10 (D.P.R. 2005) (questions of law are "not to be decided by the trier of fact; rather it is for the judge…to decide any purely legal issue."); *see also*, *U.S. v. Barstani*, 943 F.2d 428, 432-33 (4th Cir. 1991) (proper to exclude expert testimony interpreting statutes since statutory interpretation is a legal question).

---

[2] The Company's statements and pleadings simply cannot be ignored or considered inconsequential. Indeed, a party's conduct can effectively waive its right to a jury demand. *See, CoxCom, Inc. v. Chaffee,* 536 F.3d 101, 110-111 (1st Cir. 2008); *Badger Meter, Inc. v. Grinnell Corp*., 13 F.3d 1145, 1159 n.7 (7th Cir. 1994).

3

### B.   The Company's Pleadings Reveal It Agrees That the Central Issue Here Is A Legal One

Since the inception of this case, the Company has consistently presented this case as one ripe for resolution by the Court.  Indeed, in its Complaint, the Company asserts that ***"the threshold question, whether or not the online travel companies are subject to Puerto Rico's Room Taxes, is one of law"*** and that this case ***"presents a question of law peculiarly within judicial competence."***  *See*, Dkt. No. 1, ¶ 89 (emphasis added); *see also*, Dkt. No. 40, p. 1 (Company and OTC jointly explained the history of cases filed by the Company's outside counsel, stating "[t]his case is one of approximately 14 cases filed in various jurisdictions throughout the United States since 2005 in which national counsel for Plaintiff and Defendants in this case have litigated whether a state or local hotel tax is applicable to the Defendants' business model…Good cause thus exists to modify and amend the Order due to the anticipated filing of cross-motions for summary judgment, the likelihood that the Court will resolve the case or narrow the issues on summary judgment…"); Dkt. No. 61, p.1 (Company stating "[c]ases, like this one, against online travel companies for allegedly unpaid and underpaid taxes across the nation most often resolve at summary judgment.").

On May 15, the OTCs filed their Motion for Summary Judgment arguing, based on the facts before this Court, that the OTCs are not subject to the Room Tax because they are neither "hoteliers" nor "agents" who "operate a lodging in Puerto Rico."  (Dkt. No. 71, pp. 12-16).  Additionally, the OTCs are not subject to the Room Tax because the amounts retained by the OTCs for their facilitation of hotel room reservations do not qualify as "the room occupancy rate."  (*Id*., pp. 17-18).  In response, the Company readily admits that the sole issue before the Court is "whether the Defendant online travel companies…are hotel or lodging operators."  (Dkt. No. 86 ¶ 2).  And as correctly stated by the Company, that issue "is a ***question of law for this***

4

*Court*" to be decided "based on *its* interpretation of the Room Occupancy Tax Rate Act…." (Dkt. No. 86 ¶ 2) (emphasis added). At least 10 separate times, in response to the OTCs' Statement of Material Facts, the Company confirmed that the central issue is a legal one. *See, e.g.,* Dkt. No. 86 ¶ 7 ("The Company objects to the use of the term 'hotel operator' because whether the OTCs are hotel or lodging operators is a question of law for this Court based on its interpretation of the 'Act.'"); *id.*, ¶ 25 ("whether the OTCs are hotel or lodging operators is a question of law for this Court based on its interpretation of the Act."). The Company's later amendment to its Response in Opposition to the OTCs' Motion for Summary Judgment only strengthens the OTCs' position. The Company claimed that the reason for filing an amendment was to remove references to Dr. Daniels' amended expert report so as to not "detract from the *pure issues of law and statutory interpretation at issue*…." (Dkt. No. 97, p. 2) (emphasis added).

As articulated in the OTCs' Reply, there are sufficient undisputed facts for the Court to make the purely legal determination that the OTCs do not operate lodgings, and thus are not subject to the Room Tax. For example, those undisputed facts include:

- "OTCs are not brick-and-mortar hotels" and "do not own the brick-and-mortar lodging establishment or operate its day-to-day functions." (Dkt. No. 86 ¶¶ 16, 25).
- Hotels may "use third-party distribution channels to offer and accept reservations." (*Id*. ¶ 7).
- The OTCs "do not provide the room key to the traveler or transfer possession of the room to the traveler at the time of arrival at the hotel." (*Id*. ¶ 30).
- "The OTCs do not bear any risk of loss for rooms that go unoccupied." (*Id*. ¶ 29).
- OTCs "are not 'real estate brokers.'" (*Id*. ¶ 33).
- The OTCs' agreements with hotels "typically provide similar type language" disavowing any partnership, joint venture, or agency relationship. (*Id*. ¶ 24).

- OTCs "make it easier for travelers to plan trips, locate hotels and attractions . . . and request reservations from airlines, hotels, and car rental companies," and "allow travelers . . . to identify the hotels in a given area, compare rates and amenities," and to "create their own travel packages." (*Id*. ¶¶ 17-19).

The Company's decision to file *Expedia, Inc., et al. v. District of Columbia*, Nos. 14-CV-308 & 14-CV-309, a recent D.C. Court of Appeals decision, as supplemental authority in support of the Company's position, also undercuts its demand for a jury. The Company filed the *District of Columbia* decision "in relation to Defendants' pending Motion for Summary Judgment." (Dkt. No. 126). But the *District of Columbia* decision provides support to the OTCs, and not the Company, for two primary reasons. First, the statute at issue in *District of Columbia* was a sales tax, and not an "operator" or "hotelier" tax, which is at issue here. In fact, the court specifically distinguished a "sales" tax from an "operator" tax, suggesting that the OTCs would not be liable if it were an "operator" tax. (Dkt. No. 126-1, pp. 16-17). Because the Room Tax undisputedly is an "operator/hotelier" tax (and not a sales tax), the *District of Columbia* decision provides no support to the Company (and in fact undermines its arguments).[3] Second, the *District of Columbia* case supports the OTCs' position because it confirms this case should be resolved on summary judgment. In *District of Columbia*, the Court held the issues involved questions of statutory construction, appropriate for ruling by the Court without a jury. *See*, Dkt. No. 126-1, p. 4, ("[t]he matter is ultimately one of statutory construction."). This submission does nothing more than confirm the Company's prior representations to this Court that this case, like others like it across the country, presents dispositive legal issues.

---

[3] Moreover, the recent decision in *City of Fargo v. Expedia, Inc., et al.*, No. 09-2013-CV-00620 (Dist. Ct., Cass Cnty., North Dakota), provides further support that when room tax liability is imposed only on an "operator" or "hotelier" and only on the amounts that operator charges for occupancy (as is the case with the Room Tax Statute), the OTCs have no liability. *See*, Dkt. No. 114-3, Order Granting Defendants' Motion for Summary Judgment, *City of Fargo v. Expedia, Inc., et al.*, No. 09-2013-CV-00620 (Dist. Ct., Cass Cnty, North Dakota).

### C. The Company's Position in Discovery Confirms that the Dispositive Issue Is A Legal One

The Company's conduct and objections during discovery further confirm that the issues in this case involve questions of statutory interpretation to be decided by the Court. And thus, the Company has waived any purported right to a trial by jury. While the Company's Complaint demands a jury should decide the issues presented, rather than this Court, its own witnesses are unable to explain how the Room Tax applies to the OTCs. The Company's Room Tax Auditor, Ms. Catalya Meyer, was deposed and asked questions about the Room Tax's applicability, she either could not answer the questions or her counsel objected that the issue of whether the OTCs were "hoteliers" was a legal question to be decided by the Court. For example:

- Company's Room Tax Auditor responding each time "I don't know" when asked whether the OTCs were "owners of hotels," "proprietors of hotels," "operator of a hotel," "lessee or mortgager or sublessee," or "operate lodging in Puerto Rico." Company's counsel had a standing objection that all of the questions were asking for "*legal opinions*" that "ultimately *is the determination to be made by the Court*." (Ex. A, 38:7-39:4) (emphasis added).

- Company's counsel objecting, "I think at this point, you are calling for the witness to render legal opinions and interpretations…and *ultimately is the determination to be made by the Court*," after Room Tax Auditor was asked whether any of the OTCs qualified as a hotelier under the Room Tax. (Ex. A, 30:24-31:9) (emphasis added).

The Company cannot have it both ways; objecting during discovery that the issue of whether the OTCs are "hoteliers" under the Room Tax is a legal question to be determined by the Court, but then arguing to the Court that a jury should decide these purely legal issues.

### D. The Company's Counsel Has Repeatedly Represented In Other Matters That the Dispositive Issue Is One of Statutory Construction

Not only has it consistently been the Company's position that the central issue before the Court is one of statutory construction — *i.e.* whether the OTCs' facilitation of hotel reservations in Puerto Rico makes them a "hotelier" and thus subject to the Room Tax — the Company's counsel has repeatedly admitted this in other cases. To date, counsel for the Company has

represented 15 other taxing authorities in nearly identical lawsuits against the OTCs.  In many of these cases, counsel for the Company has either: (i) failed to demand a jury trial; or (ii) moved for summary judgment arguing there were only purely legal issues for the Court to decide.  *See, e.g.*, Plaintiff's Complaint, *City of Birmingham, et al. v. Orbitz, Inc., et al.,* No. 01-CV-2009-003607.00 (Circuit Court of Jefferson, County Alabama) (Company's counsel filing a single count complaint for declaratory judgment that the OTCs were subject to the jurisdictions' hotel taxes), attached as Ex. D; Plaintiff's Motion for Summary Judgment Against the National Online Travel Company Defendants, *Town of Breckenridge, et al. v. Colorado Travel Company*, *LLC, et al.*, No. 2011CV420 (Dist. Ct., Summit County, Colorado) (Company's counsel arguing that the undisputed facts and statutory language establish "***as a matter of law***" that the OTCs are subject to the hotel tax.) (emphasis added), p. 5, attached as Ex. E.[4]  The Company's counsel articulates why this case is not appropriate for a jury trial in a summary judgment brief filed on behalf of the Montana DOR in *Montana Dep't of Rev. v. priceline.com, Inc., et al.,* a case involving a similar "operator" statute:

> All Parties agree that there are no material facts in dispute.  Specifically, both sides agree that this case should be resolved by the Court and have moved for summary judgment.  Thus, the only material dispute is about which side is legally correct.  ***The "purely legal" nature of this remaining dispute parallels a national trend.  In fact, there has only been one trial in more than eight (8) years of similar litigation.***

---

[4] Similar to the cases cited above, the Company's counsel has conceded the strictly legal nature of several nearly identical cases by either failing to demand a jury in the complaint or moving for summary judgment in the following matters: *State of Mississippi v. Priceline.com, Inc., et al.*, Civil Action No. G-2011-002211 (Chancery Ct. of the First Judicial Dist. of Hinds Cnty., Mississippi) (no jury demand ); *Kentucky Department of Revenue v. Expedia, Inc. (WA)*, Civil Action No. 13-CI-828 (Franklin Circuit Court of the Commonwealth of Kentucky) (Company's counsel filed a motion for summary judgment); *State of New Hampshire v. priceline.com Incorporated, et al.*, No. 217-2013-cv-613 (Superior Court of Merrimack County) (no jury demand);  *City of Rome, Georgia, et al., v. Hotels.com, L.P., et al.,* No. 4:05-CV-249-HLM (United States District Court for the Northern District of Georgia, Rome Division) (Company's counsel filed a motion for summary judgment); *Mayor & City Council of Baltimore v. Priceline.com Inc., et al.,* No. MJG-08-3319 (United States District Court for the District of Maryland) (Company's counsel filed a motion for summary judgment).

Ex., B, p. 1 (emphasis added). As the Company's own counsel suggests, that so many other courts have recognized the purely legal nature of the dispute is strong precedent that this case presents a pure question of statutory interpretation for resolution by this Court and not a jury. This is the reason that of the 39 OTC hotel tax cases nationwide that have addressed the OTCs' merchant model and in which judgment has been ordered, 38 have been resolved by a court and not a jury.[5]

Moreover, it is instructive to look only at the subset of jurisdictions that, like Puerto Rico, impose occupancy tax specifically on "operators" or "hoteliers." There have been 21 "operator/hotelier" cases decided. In 20 out of 21 of these "operator/hotelier" cases, the applicable court, not a jury, found *as a matter of law* that the OTCs are *not* "operators" of hotels and therefore are not subject to occupancy tax. *See* Nationwide OTC Cases Construing "Operator Statutes" Chart, attached as Ex. C.[6] Essentially the same "operator" issue is presented to this Court as in these 20 decisions. As discussed in the OTCs' motion for summary judgment, because the OTCs are out-of-state travel intermediaries and do not, among other things, (1) own or have a possessory interest in any hotel; (2) provide access to any hotel property; (3) buy, resell or provide the traveler with a hotel room; or (4) manage the day-to-day affairs of the hotel, the OTCs do not "operate[] a lodging in Puerto Rico." (Dkt. No. 71, pp. 12-14). This issue (which

---

[5] The sole case that went to trial was tried before a jury on the limited issue of whether the facts illustrated that the OTCs were "controlling" hotels. *See* Order Regarding Motions for Summary Judgment and Issues Remaining for Trial, *City of San Antonio et al. v. Hotels.com, et al.*, o. SA-06-CA-381-OG, (W.D. Tex. Sept. 28, 2009), p. 3-7, attached as Ex. F. In reaching that decision the court specifically noted that while the San Antonio tax was on "every person owning, operating, managing, or controlling any hotel," the only way the OTCs could be found liable for the tax is if it was determined the OTCs "controlled" hotels. *Id.*, pp. 3-4 ("[w]ithout a showing of 'control,' the duty to collect and remit hotel occupancy taxes does not arise under the ordinances."). Accordingly, there was no issue of whether the OTCs operated hotels. Besides the limited issue of whether the OTCs "controlled" hotels, the remainder of the case presented only legal issues and accordingly, was decided by the Court. The Court, in ruling it would decide all of the legal issues presented, said "[b]oth sides have also presented legal arguments on whether taxes may be assessed on the total amount paid by the consumer, which includes the room mark up and any amounts characterized as fees. These are issue for the Court to decide…." *Id.* at 7. On May 2, 2013 plaintiffs in *San Antonio* filed a Rule 59(e) motion to reconsider the Court's ruling on penalties. The issue is fully briefed and is currently pending before the Court. The Court will rule on the motion, not a jury.

[6] *See* footnote 5.

should be determined in the OTCs' favor) is clearly ripe for determination by the Court, not a jury.

The Company's outside counsel's repeated representations to courts, and the rulings of those courts, demonstrate that the issues before this Court are purely legal issues involving questions of statutory construction. Because there are no factual issues to be determined by a jury, the OTCs' motion should be granted and this matter should be decided by the Court and not a jury.

### E. Each Of The Company's Claims Is Derivative Of The Room Tax Claim And Thus, Should Be Determined By The Court

Even if this Court does not agree that the Company's admissions preclude a jury trial—which it should—the Company's demand for a jury trial still fails. The Complaint demands that "this action be tried by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of any issues triable by a jury." (Dkt. No. 1, ¶156). Since the jury demand does not particularize the issues the Company wishes to have tried by a jury, the demand is considered to relate to all issues. Fed. R. Civ. P. 38(c).

Of the 9 causes of action raised in the Company's Complaint, each is derivative of Count III, which relates to alleged violation of the Room Tax.[7] The essence of the Company's lawsuit is that the OTCs have "fail[ed] to remit the full and proper amounts of taxes on overnight accommodations" as required under "13 P.R. Laws Ann. Sec. 2271o(b) and related rules and regulations regarding Puerto Rico's taxes on rooms." (Dkt. No. 1, ¶1). This Court recognized as much in its October 14, 2014 order on the OTCs' motion to dismiss: "[b]ased on the facts alleged by the Company, there appears to be a good probability that this matter will be resolved based on

---

[7] As argued in the OTCs' Motion for Summary Judgment, each and every one of these derivative claims is premised on the Company's purported entitlement to payment on the Room Tax by the OTCs. (*See*, Dkt. No. 71, pp. 19-21; *see also*, Dkt. No. 1, ¶¶114-149).

P.R. Laws Ann. tit. 13, §§ 2271 *et seq.*" (Dkt. No. 59, p. 4). The Company's primary claims are:

- **Count I**, which "seeks a declaratory judgment against all Defendants finding Defendants' business practices *as to the collection of the Room Tax* illegal, deceptive, and unlawful and in violation of the laws and ordinances" designated in the Complaint. (Dkt. No. 1, ¶97) (emphasis added).

- **Count II**, which asks that the Court "enjoin Defendants from further, future violation of the applicable Room Tax laws" and *require the OTCs to collect and remit the Room Tax*. (Dkt. No. 1, ¶107) (emphasis added).

- **Count III**, which requests that the Court order "*payment of all Room Tax monies* that should have been paid to date based upon the retail rates Defendants charged consumers for the rental of hotel rooms in Puerto Rico" as well as penalties, interest, and fees. (Dkt. No. 1, ¶113) (emphasis added).

The Company's claims are based on the same nucleus of operative claims, that is, the applicability of the Room Tax to the OTCs' business model. Whether the relief sought is couched in terms of declaratory or injunctive relief, or damages or penalties,[8] the legal basis predicating each of those claims is the alleged violation of the Room Tax.

## II. THE COMPANY IS NOT ENTITLED TO A JURY TRIAL UNDER FEDERAL OR PUERTO RICAN LAW

### A. Federal Law Does Not Support The Company's Jury Demand Because No Cause of Action Existed At Common Law With Respect To Tax Disputes

Under Federal Rule of Civil Procedure 39(a)(2), "[w]hen a jury trial has been demanded . . . the trial on all issues so demanded must be by a jury unless . . . the court . . .finds that on some or all of those issues there is no federal right to a jury trial." The Seventh Amendment's right to a jury trial is not absolute; rather, it is limited to "[s]uits at common law" in the federal courts, and does not govern the state courts, or the standards that states must follow for jury trials in civil proceedings. *See, e.g. Minneapolis & St. L.R. Co. v. Bombolis,* 241 U.S. 211, 217 (1916).

---

[8] Additionally, as argued below in Section II (C), there can be no question that penalties are not properly put before a jury.

"No right to a jury trial [exists] at all in tax matters as a constitutional requirement" and no constitutional right to a jury trial exists "without paying first as a statutory matter." *Olhausen v. CIR*, 273 F.2d 23, 27 (9th Cir. 1959); *see also*, *Wickwire v. Reinecke,* 275 U.S. 101 (1927).

Here, the crux of Plaintiff's complaint is that the OTCs allegedly owe unpaid Room Tax. Yet, Federal courts have repeatedly rejected the argument that a right to a jury trial exists in lawsuits concerning tax assessments or tax collections, because no such right existed at common law. *See, e.g., Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985) (holding "[b]ecause no cause of action existed at common law against the sovereign with respect to assessment of taxes, no right to a jury trial exists here"); *Lonsdale v. Commissioner of Internal Revenue*, 661 F.2d 71 (5th Cir. 1981) (in the context of a tax dispute Seventh Amendment does not apply because "[t]hat amendment, however, extends only to 'suits at common law'"); *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984) (finding there is no right to a jury trial in a tax penalty assessment case because there is sufficient due process via the administrative and judicial processes).

Nor can Plaintiff seek a right to jury trial under the Seventh Amendment. The mere fact that a complaint was filed in federal court does not bestow upon the Company the Seventh Amendment right to a trial by jury. Indeed, the Complaint's demand for a jury relies solely on statutory and not on constitutional grounds, and therefore, the protections of the Seventh Amendment do not extend to the Company here. Moreover, even if the Seventh Amendment applies (it does not), the plain language of the Seventh Amendment supports the OTCs' position and shows a jury trial is not authorized. The Seventh Amendment provides that a right to trial by jury "shall be preserved." Since no right to a jury trial existed at common law with respect to tax claims, *see Olhausen*, 273 F.2d at 27, there is no right to preserve here.

Plaintiff likewise cannot rely on its request for, interest, penalties and fees to manufacture a right to jury trial. No common law right to attorneys' fees exists, and the statutory right to fees for a prevailing party is not analogous to a common law claim. *See Empire State Ins. Co. v. Chafetz,* 302 F.2d 828, 830 (5th Cir. 1962) (rejecting argument that district court should have held a jury trial on attorney's fees). Thus, the Company's claim for "penalties, fines and fees, including attorney's fees, as allowed by law," does not confer upon the Company a right to a jury trial.[9]

Finally, to the extent that the Company argues that its derivative tag-along claims somehow entitle it to a jury trial, this proposition is without merit.[10] As the OTCs demonstrated in their Motion for Summary Judgment (Dkt. No. 71), a determination on the Room Tax issue will resolve both the Company's statutory claim and its derivative tag-along claims, which are premised on the Room Tax. Indeed, this Court appeared to acknowledge the derivative nature of the Company's tag-along claims in its October 14, 2014 Opinion on the OTC's partial motion to dismiss. In that Opinion, the Court concluded that there is "a good probability that this matter will be resolved based on P.R. Laws Ann. Tit. 13, §§ 2271 *et seq.* [the Room Tax]." (Dkt. No. 59, p. 4).

### B. The Company Is Not Entitled To A Jury Trial Under Puerto Rican Law Because Trials By Jury For Civil Actions Are Not Recognized

It is noteworthy that the Company, had it filed this action in the Commonwealth courts, would similarly have had no right to a jury trial. First, the Room Tax itself does not provide for

---

[9] The OTCs do not waive their right to object to the imposition of any penalties or fees in this forum.

[10] The Company may argue that it is entitled to a jury trial because this case is not a tax assessment or tax collection case, but rather it is akin to a debt action to recover taxes the OTCs have already collected. This argument entirely contradicts the Company's own prior characterization of this case as a tax dispute. (Dkt. No. 40). As articulated by the Complaint, the core issue before the Court is whether the Room Tax applies to the OTCs, a question that must be decided in the affirmative before the OTCs could be required to collect and remit Room Tax on amounts retained by the OTCs for their service fees. (Dkt. No. 1, ¶ 89). At bottom, therefore, this case is a quintessential tax dispute, which is not entitled to a trial by jury.

a jury trial—or even a claim for relief—in a non-administrative action to enforce the statute. *See* P.R. Laws Ann. Tit. 13, §§ 2271 *et seq.* Second, the Supreme Court of Puerto Rico has rejected the notion that a jury trial is constitutionally required, finding "[t]he idea of a jury trial in civil actions is completely foreign to the system of jurisprudence which operates and has always operated in Puerto Rico [. . .] neither our Constitution nor the Puerto Rican laws provide for a trial by jury in civil actions." *Mercado*, 1971 A.M.C. at 1855. Typically, when determining whether there is a right to a jury trial, a federal court asks whether the parties would be entitled to a jury trial under common law. That test, however, is inappropriate here. Since Puerto Rico is a civil law jurisdiction, there is no "common law" history for the Court to reference. Additionally, this Court made clear in its October 14, 2015 Order that "many of the [Company's] tag-along claims are basically common-law claims filed in a Civil Code jurisdiction" and the Court "will insist that [the Court] deals with [the tag-along claims] under the Civil Code, and not under common law." (Dkt. No. 59, p. 4). While the Constitution of the Commonwealth of Puerto Rico ensures a right to a jury trial in felony criminal proceedings, P.R. CONST. Art II, § 11, no such right exists in the civil context. Rather, "actions of a civil nature are heard and are decided in Puerto Rico by the court without a jury." *Mercado*, 1971 A.M.C. at 1855. Thus, whether under federal law or the law of the Commonwealth of Puerto Rico, the Company has no entitlement to a trial by jury.

### C. Penalties Should Not Be Determined By A Jury

If the issue of penalties is properly before this Court at all[11], it is not one in the province of the jury. Rather, it would be the Court's determination based on its interpretation of the Room Tax. Under the Room Tax, the Company is "authorized to impose sanctions and administrative

---

[11] The OTCs reserve the right to object to any imposition of penalties or fees in this matter, particularly as the Company has bypassed the administrative process for which such penalties are intended.

fines for infractions to the provisions of this chapter and to the regulations approved thereunder, committed by the taxpayers; as well as the penalties contained in §§ 2272i-2272l of this title." 13 L.P.R.A. § 2271i.  *See also* Dkt. No. 71-1, Regulation Applicable to the Investigation And Collection of the Room Occupancy Tax Rate And Its Adjudicative Procedures, (Room Tax Regulations).  Under the Company's current expert report, it is seeking a penalty for the OTCs' failure to file a "declaration."  13 L.P.R.A. § 2272k.  Under that provision, the Company seeks a penalty of $25,000 per month.[12]  It is undisputed that the OTCs did not file "declarations" because the OTCs contend they are not "hoteliers" subject to that requirement.  Thus, there are no factual issues for a jury to decide.  Rather, the application of penalties would involve interpretation of the statute and related regulations, along with consideration of whether the penalties can properly be imposed against the OTCs.

All of these issues involve questions of statutory construction proper for adjudication by the Court, and not a jury.  This was confirmed by the Company's finance analyst, Marlene Colon-Rivera.  During Ms. Rivera's deposition she responded "[t]he law… It's established by the law" when asked, "who decides how much interest and penalty is imposed on the taxpayer?"  *See* Marlene Colon-Rivera Deposition, attached as Ex. G, p. 96:22-24.  Ms. Rivera further responded "[a]s I told you, the law establishes that interest will be charged at 10 percent and the percentages of the surcharge depends on how late the payment is."  Ex. G, p. 97:13-16.  Therefore, since the determination of any potential penalties and interest is a purely legal question, it must be decided by the Court.

Respectfully submitted.

---

[12] Recent changes to the regulation alter the manner in which penalties can be applied.  Under Article 13 of the Room Tax Regulations, effective November 13, 2013, the penalty for failure to file a declaration is the lesser of: $500 per day, up to $25,000; or 25% of the tax collected.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification electronically to all counsel of record.

In San Juan, Puerto Rico, this 7th day of August, 2015.

McCONNELL VALDÉS LLC
ATTORNEYS FOR ALL DEFENDANTS
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone: (787)250-2619/2603
Fax: (787)759-2792/474-9213
www.mcvpr.com

s/Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com

s/ Britt E. Arrieta Rivera
USDC-PR No. 224905
bea@mcvpr.com

DM_US 63088753-1.059735.0262